Wheeler, G. J.
—It is a sufficient answer to the objection, that the verdict was not warranted by the evidence, *161 that this was not made a ground of the motion for a new trial. It is well settled, that this court will not revise the judgment, on the question of the sufficiency of the evidence to support the verdict, unless a new trial was applied for on that ground.
There is nothing in the objection that judgment was not properly rendered against the defendant, Mitchell, as surety. The defendant did not set up the fact of suretyship in his answer, as the statute contemplates, or call on the court to render the judgment therein prescribed. (O. & W. Dig., Art. 1560, 1599.) The court therefore did not err in giving judgment against him as a principal.
The only error assigned which presents any question properly arising upon the record for revision is, that the verdict .is excessive as to the defendant, Mitchell, inasmuch as judgment is rendered against him upon all the notes sued on, and it appears by the petition and exhibits, which are made a part of it, that there was one of them which he did not execute.
In the statement of facts, it is said to have been proved that he executed all the notes. If the allegations of the petition laid any foundation for the introduction of such proof, or stated a cause of action co-extensive with the proof, it would undoubtedly support the recovery; and the question is, whether it does state such cause of action.
The allegation of the original petition is, that Mitchell, together with the other defendants, executed all the notes. But the amended petition makes the notes a part of it; and, as they are there set out, it appears that the signature of this defendant, Mitchell, is wanting to one of them. It has been repeatedly decided, that where an instrument sued on is made a part of the petition, there can be no variance between the allegations and the proof; and this is upon the ground, that the instrument itself, thus made a part of the petition and filed with it for the inspection of the defendant, must control and cure any misdescription of it *162 in the body of the petition. Giving it that effect in the present case, the petition shows no cause of action against the defendant, Mitchell, on the note in question. As to that note, therefore, there being no cause of action stated in the petition, the recovery cannot be siqiported; and to that extent the judgment is excessive. This will require that the judgment be reversed and the cause remanded, unless the plaintiff shall see proper to remit so much of the verdict as renders it excessive. In that case, this court will render the judgment which the court below ought to have rendered.
[The plaintiff remitted $100 and interest as against Mitchell, and the judgment was reformed accordingly.]
Affirmed.