## SAMUEL AND JACOB GEISELMAN V. JOHN BROWN.

The 9th section of the act of 11th February, 1860, concerning the proceedings in the district court, reads as follows: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record; and all errors not so distinctly specified shall be considered by the Supreme Court as waived." (Paschal's Dig., Art. 1591, Note 618.) In the absence of an assignment of errors, the court examined the record, and, finding neither jurisdiction nor merits, dismissed the appeal.

APPEAL from Harris. . The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The facts are sufficiently set forth in the opinion of the court.

*D. J. Baldwin*, for appellants.

No brief for the appellee has been furnished to the *Reporter.*

MORRILL, C. J.—Article 1591, Paschal's Digest, requires the appellant or plaintiff in error to file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form a part of the record; and all errors not so distinctly specified shall be considered by the Supreme Court as waived.

As no assignment of errors was made as above required, we might dispose of the cause in a few words; but we have examined the record, and find that the plaintiffs brought suit in the district court of Harris county against the defendant, a citizen of Galveston county, for the purpose of rescinding a contract made in the month of December, 1862, for the sale of certain slaves by defendant to plaintiff. From the petition, it seems to be somewhat doubtful as to the objects sought thereby. The allegations are that said slaves were warranted to be slaves for life, and that afterwards they were declared free by the military authority of the United States; that a note for $5,000, payable in four years, secured by a mortgage on said negroes and certain town lots in Houston, [was executed by the plaintiff.]

Defendant demurred and the demurrer was sustained. We are not apprized of the grounds of the demurrer, but suppose that one reason was, because the plaintiff alleges the residence of the defendant to be in a county different

from the one in which the suit was brought, without alleging any causes contained in the exceptions in the statute, which authorize a party to be sued out of the county of his residence. The defendant could waive this objection had he chosen so to do; but as he both demurred to the action and pleaded, specially insisting upon the privilege of being sued in the county of his residence, it would have been error in the court to have overruled the exceptions thus set up. But we do not deem ourselves bound to hunt after errors that are not specially assigned, and because there are no errors assigned, the judgment is

AFFIRMED.