### MARY CAIN AND ANOTHER V. SIMON MACK.

1. Parol evidence is competent to prove that the maker of a note authorized another person to sign the maker's name to the note.
2. A verdict will not be disturbed because unsupported by the evidence, unless there was a motion in the court below for a new trial.  (Hart v. Ware, 8 Texas, 115, cited by the court.)

ERROR from Fort Bend.   Tried below before the Hon. I. B. McFarland.

The plaintiffs in error, Mary Cain and her husband, J. J. Cain, were sued below on a note purporting to have been made by "Mary Cheney by W. T. Neal," for the sum of $185.   Mrs. Cain was a Mrs. Cheney, previous to her marriage to Cain.

She pleaded *non est factum*, under oath.   Mack, the plaintiff, was allowed to prove by parol evidence that Neal was duly authorized by Mrs. Cheney to sign her name to the note.   The defendants reserved exceptions to the ruling of the court permitting parol evidence to establish such authority.

No brief for the appellants has reached the Reporter.

*C. H. Kendall* and *J. T. Harcourt*, for the appellee.

WALKER, J.—We think it was competent for the plaintiff below to prove by parol the authority of W. T. Neal to sign the name

of Mrs. M. Cheney, his mother, to the note sued on; and that there is no error appearing on the record. There was no motion in the district court for a new trial, nor does any statement of facts accompany the record. (See Hart v. Ware, 8 Tex. R. 115.)

Where there is no motion for a new trial the judgment of the court below will not be disturbed on the ground that the verdict is not supported by the evidence. The judgment below is affirmed.

Affirmed.