## J. C. MORRIS v. W. J. GORDON.

1. The transcript of this case contained an entry as follows : "Continued, by "general order of court, from October term, 1868, to February term, "1871;" but as this entry is without date, or other indication of authority, this court regards it as a mere memorandum of the clerk of the court below, and not as part of the record of that court—being incredulous that any court would, by a single order, continue a case over for more than two years.

2. The law of 1866, organizing the county courts with a civil jurisdiction (since abrogated), allowed appeals from those Courts to the District Courts, "provided the party who intends to appeal shall give notice in "open court, after his motion for a new trial shall have been over-"ruled by the court." This proviso made the motion for a new trial, and also the notice, prerequisites to an appeal to the District Court ; and when the record brought up to the District Court, from the county court, failed to show that any motion was made in the county court for a new trial, the District Court did not err in dismissing the appeal on motion of the appellee.

3. It is a general rule, that a party will not be heard in an appellate court until he has exhausted his remedies in the lower court.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

The opinion indicates such facts as are of any significance.

*Sayles & Bassetts*, for the plaintiff in error.

*J. E. & S. Shepard*, and *John A. Green*, for the defendant in error.

OGDEN, J. Suit was instituted in this cause in the county court for Washington county, and, at the October term of that court, a judgment was rendered for the appellee in this court, who was the plaintiff below. The defendant gave notice of an appeal to the District Court, but filed no motion for a new trial. The cause was taken to the District Court, but when the transcript was filed in the District Court, the record fails to show.

There is a memorandum made by the clerk, in the record,

without date, and apparently without authority, as follows : " Continued, by general order of court, from October term, " A.D. 1868, to February term, 1871." This certainly can be no transcript from the record, as it is believed that no court would take the responsibility of continuing a cause by one order for over two years.

The first notice which appears to have been taken of the cause, by either appellant, or appellee, or the court, is in February, 1871, when the appellee filed his motion to dismiss the appeal, because the appellant had failed to make a motion in the lower court for a new trial. Had the appeal been vigilantly prosecuted, and did the record show that the parties had previously appeared in the District Court, and contested the case, then we might possibly have come to the conclusion that the motion to dismiss had come too late.

But there is no evidence in the record to show that the appellee had actual knowledge of the attempted appeal until the date of the filing of his motion ; and he had a right to presume that no appeal had been taken, since the appellant had failed to take such steps as would entitle him to an appeal. We are therefore of the opinion that the District Court did not err in overruling the exceptions to the motion to dismiss.

The law organizing the county courts, passed in 1866, Section 21, provides, " That appeals to the District Courts may be taken " in all civil suits from the judgment or decree of the county " courts, provided the party who intends to appeal shall give " notice, in open court, after his motion for a new trial shall " have been overruled by the court." It is clear that the Legislature intended that a motion for a new trial, and notice of an appeal, should be prerequisites to entitle a party to be heard upon an appeal. And this is only a reiteration of the general rule that a party will not be heard in an appellate court until he has exhausted his remedies in the lower court. The District Court did not err in dismissing the appeal, and the judgment is affirmed.

Affirmed.