[Civil No. 271.   Filed April 18, 1890.]

[24 Pac. 320, *sub nom.* Sutherland *v.* Putnam.]

J. D. PUTNAM, Plaintiff and Appellee, v. C. D. PUT-NAM et al., Defendants, Interveners and Appellants.

1. APPEAL AND ERROR—JURISDICTION—BOND—REV. STATS. ARIZ. 1887, PAR. 849, CITED—FILING—END OF TERM—COMPARE LOSE V. DORAN, POST, P. 284, 73 PAC. 443—MUST APPEAR OF RECORD—BOND—ESSENTIALS—REV. STATS. ARIZ. 1887, PAR. 863, CITED—ORDER OF COURT FIXING AMOUNT VOID.—Paragraph 849, *supra,* requires that an appeal bond, or affidavit, be filed within twenty days after the expiration of the term at which judgment was rendered. The transcript should show affirmatively the date of adjournment of the term. Compare *Lose* v. *Doran, supra.* Presumptions cannot supply omissions therein of facts essential to the jurisdiction. The bond must describe the judgment appealed from, name all the parties thereto, and be payable to appellee in double the amount of the judgment and costs—paragraph 863, *supra.* An order of court fixing the amount of such bond is void.

2. SAME—ASSIGNMENT OF ERRORS—FORM—REV. STATS. ARIZ. 1887, PAR. 940, CITED—NECESSITY FOR—IN ABSENCE OF MAY DISREGARD ERRORS AND AFFIRM OR DISMISS.—Paragraph 940, Revised Statutes, requires the filing of assignment of errors. It should be a separate paper, signed by the party or his attorney, and filed with the clerk below before the appellant withdraws the transcript, and a copy should be attached thereto. This court is not bound to notice errors not properly assigned, and ordinarily may affirm the judgment or dismiss the appeal.

3. SAME—MOTION FOR NEW TRIAL—PRACTICE TO OBTAIN—REVIEW OF RULING UPON—REV. STATS. ARIZ. 1887, PARS. 833, 593, CLAUSE 2, 834, 842—DALTON v. RENTARIA, 2 ARIZ. 275, 15 PAC. REP. 37, CITED. —The only method by which to obtain a new trial is by motion therefor to the trial court, and, upon an adverse ruling, by appeal from that ruling. This court cannot consider any error which would be cause for a new trial unless a motion therefor upon that ground has been made to the court below, and such motion overruled, the ruling excepted to, and the motion embodied in a bill of exceptions, and the ruling properly assigned as error.

4. SAME—SAME—RULING—EXCEPTIONS—HOW BROUGHT INTO RECORD— PAR. 842, REV. STATS. ARIZ. 1887, CITED—MINUTE ENTRIES—BILL OF EXCEPTIONS—WHEN UNNECESSARY—PAR. 827 CITED.—Paragraph 842, Revised Statutes of Arizona, 1887, requires the motion for new trial, ruling, and exceptions to be brought into the record by a bill of exceptions. The minute entries by the clerk reciting the motion, ruling, and exception cannot serve this purpose. Paragraph 827 provides that where the ruling or other action of the court appears otherwise of record, a bill of exceptions shall not be necessary.

5. SAME—RECORD—WHAT CONSTITUTES—REV. STATS. ARIZ. 1887, PARS. 810, 832, 844, 845, 849, 874, 875, CITED.—The statutes, *supra,* prescribe what shall constitute the record.

6. SAME—BILL OF EXCEPTIONS—PURPOSE OF—COMPLIANCE WITH STATUTE.—The purpose of a bill of exceptions is to incorporate into the record as facts the action of the trial court complained of, and the objection thereto. The requirements of the statute that they shall be prepared within a specified time, presented to the trial judge, who shall after submitting them to the opposite party, if correct, sign them, cannot be dispensed with.

7. SAME—STATEMENT OF FACTS—REV. STATS. ARIZ. 1887, PARS. 843, 845, CITED—TIME FOR FILING.—Where the record fails to show that a paper purporting to be a statement of facts was filed in term time or within thirty days thereafter it must be disregarded.

8. SAME—SAME—CONTENTS.—The statement of facts must affirmatively show that it contains all the facts admitted, those agreed to have been proved, and the evidence of those disputed.

9. SAME—ERRORS—HOW MADE PART OF RECORD.—Exceptions to rulings upon admission or rejection of evidence may be saved by being included in statement of facts, provided rules governing bills of exceptions have been observed. Rulings upon motions and the like and exceptions thereto must be embodied in bills of exceptions. Every matter not otherwise made by statute a matter of record must be made so by a statement of facts or bill of exceptions to present it for review.

10. COURTS—SUPREME COURT—NO POWER TO MAKE RULES—PRACTICE IN TO BE DETERMINED BY JUDICIAL CONSTRUCTION.—The legislature has conferred no power upon this court to make rules of practice. These must be supplied by judicial construction.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. William W. Porter, Judge. Dismissed.

The facts are stated in the opinion.

G. H. Oury, and E. J. Edwards, for Appellants.

H. B. Summers, and Baker & Campbell, for Appellee.

KIBBEY, J.—This was an action in the lower court, by J. D. Putnam against C. D. Putnam, for a dissolution of a partnership alleged to have theretofore existed between them, and for an accounting, and praying for an injunction restraining the sheriff of Pinal County from selling a band of cattle, alleged to be partnership property, which had been levied upon and advertised at the instance of the intervener. The appellants, Sutherland et al., intervened, alleging themselves to be creditors of C. D. Putnam, denying the existence of the partnership, and claiming the property levied upon to be the individual property of C. D. Putnam, and therefore subject to levy and sale for the payment of their demands. There was a finding and judgment for the plaintiff, appellee, and against C. D. Putnam and the appellants Sutherland et al.

Upon an examination of the record, we cannot determine whether we have jurisdiction of the case. The statute requires, as essential to the right of appeal, that an appeal-bond, or affidavit in lieu thereof, shall be filed within twenty days after the expiration of the term at which the final

judgment was rendered. Rev. Stats. 1887, sec. 849. The judgment in this case was rendered on the 30th of October, 1888. The appeal-bond was filed on the 6th of February, 1889. We know judicially that a term of the district court for Pinal County began on the first Monday in October, 1888, but we can only know from the record when that term adjourned. The record in this case is silent upon the subject. The transcript should contain a copy of the order of adjournment of the term, in order that it may appear whether the appeal-bond was filed in time to perfect the appeal. *Burr* v. *Lewis,* 6 Tex. 76. (Compare *Lose* v. *Doran, post,* p. 284, 73 Pac. 443.) It is the duty of the appellants to see that a proper transcript of the cause is prepared, and filed in this court. We cannot supply by presumption omissions of statements of facts essential to the right of appeal. The appeal-bond, as it appears in the transcript, is defective. It is as follows: "Title of the court and cause. [*sic*] Whereas, the interveners in the above-entitled action have appealed to the supreme court of the territory of Arizona from a judgment made and entered in said cause against them in said court, and in favor of the plaintiff, on the thirtieth day of October, 1888, for the sum of $205.75 costs, and also adjudged that certain property was not subject to the demand of said interveners, and the court having fixed the amount of the bond on appeal in the sum of one thousand dollars: Now, therefore, in consideration of such appeal, we, the undersigned residents of Pinal County, in said territory of Arizona, do hereby jointly and severally undertake and promise, on the part of the appellants, that they prosecute their appeal unto effect, and, in case the judgment of the appellate court shall be against them, that they will perform its judgment, sentence, or decree, and pay all such damages as may be awarded against them upon the appeal. Witness our hands this ninth day of January, 1889. Thomas F. Weiden. John C. Loss." A simple inspection of the above instrument discloses its defects. The judgment appealed from is not described. Neither the court wherein it was rendered, nor any of the parties to the record, are anywhere mentioned. It is possible that there is a caption to the original bond filed with the clerk, reciting the name of the court, and the names of

the parties, and that a reference to it might supply the defects mentioned. If so, and if those defects might be so remedied, then the caption is an essential part of the appeal-bond, and should have been copied into the transcript. The appeal-bond should state the names of all the parties to the judgment. *Jenkins* v. *McNeese*, 34 Tex. 189; *Chandler* v. *Sappington*, 36 Tex. 273; *Estate of O'Hara*, 60 Tex. 179. We cannot, as we have before said, supply the omission by presumption.

The bond is defective in another particular. The statute prescribed (Rev. Stats. 1887, sec. 863,) that the bond shall be payable to the appellee in a sum double the amount of the judgment and costs. The bond in this case is not made payable to the appellee, nor is it for any sum whatever. The recital in the bond indicates that the court fixed the sum in which it should be given. The statute prescribes the sum, and an order of court fixing it is not only unnecessary, but it is nugatory; and, if the order fixed an amount materially in excess of the amount required by the statute, and in pursuance of such order a bond was given in such excessive sum, the bond, on account of the imposition of the excessive condition, might be void, and the party's right of appeal thereby jeopardized. The appellee is entitled to a bond that substantially complies with the statute, and that is not subject to defenses for want of such compliance. *Janes* v. *Langham*, 29 Tex. 414; *Janes* v. *Reynolds*, 2 Tex. 253. We do not decide that this bond is void because of the excess in penalty, but suggest it simply to illustrate the danger of a departure from the plain statutory provisions in such particulars.

There is no proper assignment of errors in the record.

There is appended to a paper copied into the transcript, and immediately following the signature of the trial judge thereto, a statement that the "interveners specify the following particulars wherein the evidence in said cause is insufficient to justify said decision and judgment of the court: (1) The evidence is insufficient to justify said decision for the reason that it appears from the testimony . . . that the partnership had been dissolved; . . . that C. D. Putnam had disposed of his interest in said cattle prior to the levy. . . .

(2) That the evidence is insufficient to justify said decision for the reason that it appears from the testimony of . . . that the partnership . . . had been dissolved long prior to said levy. (3) The evidence is insufficient to justify said decision,'' etc. This statement is not signed by any one, nor do the names of the appellants appear anywhere therein, and the paper to which it is appended is indorsed: ''Statement of the case to be used on appeal.'' The statute requires the filing of an assignment of errors by the appellant or plaintiff in error. It should be a separate and distinct paper, signed by the party assigning the errors or by his attorney, and be filed with the clerk of the court below before the appellant takes the transcript from the office, and a copy of it be attached to the transcript. Rev. Stats. 1887, sec. 940. This statement, we think, is not an assignment of errors, either in name or in form, and the case should be affirmed for appellant's failure to file an assignment of errors. This court is not bound to notice errors not properly assigned, and will not ordinarily do so. *Geiselman* v. *Brown,* 30 Tex. 760; *Coburne* v. *Poe,* 40 Tex. 411; *Murchison* v. *Holly,* 40 Tex. 439. And, in the absence of an assignment of error, the court is ordinarily justified in either affirming the judgment, or dismissing the appeal. *Dyer* v. *Dement,* 37 Tex. 432; *Burns* v. *Wiley,* 35 Tex. 20; *Chevallier* v. *Whitaker,* 8 Tex. 204.

If however, we could treat the statement mentioned as a proper assignment of errors, we are confronted with another important question of practice; and for the purpose of considering it, we will assume that the errors are properly assigned. It is assigned as error that the evidence is insufficient to justify the decision of the court below. This error, if it is error, is good cause for a new trial. Our Code (sec. 833) provides that new trials may be granted on motion for good cause shown; and section 593 (cl. 2) confers upon this court jurisdiction to review an order granting or refusing a new trial, sustaining or overruling a demurrer, or affecting a substantial right in an action or a proceeding. The only relief that appellants ask in this court, and all that this court can grant, is a new trial of the cause in the trial court. If it be true that the evidence is insufficient to warrant the de-

cision, it is error. If it is error, we must presume that the court below would, upon application, have corrected it. If, however, the court below had denied the motion for a new trial, such ruling could have been presented here for review. It is provided by the statute that the only remedy appellants seek here may have been awarded to them by the court below on motion. That method is prompt, efficacious, and inexpensive; and we think the appellants should first resort to it before coming to the appellate court. In a very early case in Texas the supreme court of that state (*Foster* v. *Smith,* 1 Tex. 70) say: "We will here take occasion to say that, according to what is believed to be the correct rule of practice, no judgment ought to be reversed in this court, merely on the ground that the verdict was not supported by the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial and overruled." And see, also, following this case, *Hart* v. *Ware,* 8 Tex. 115; *King* v. *Gray,* 17 Tex. 62; *Pyron* v. *Grinder,* 25 Tex. 159; *Cain* v. *Mack,* 33 Tex. 135; *Harrell* v. *Mexico Cattle Co.,* 73 Tex. 612, 11 S. W. 863; *Jacobs* v. *Hawkins,* 63 Tex. 1. And in *Morris* v. *Gordon,* 36 Tex. 71, that court in referring to a statute which made the overruling of a motion for a new trial a prerequisite to an appeal to the supreme court, says: "And this is only a reiteration of the general rule that a party will not be heard in an appellate court until he has exhausted his remedies in the lower court." And this seems to us to be the true rule. It would be useless legislation to confer specifically upon this court jurisdiction to review orders refusing or granting new trials if it be held that, without such motion having been made and ruled upon, this court can review the very errors that are grounds for new trial upon appeal simply from the judgment. Section 833 gives the right to apply for a new trial. Section 834 provides that the grounds upon which it is founded shall be specifically stated, and that no others shall be considered. Section 842 provides that the motion, if overruled, may be embodied in a bill of exceptions, and so presented to, and the ruling thereon reviewed by, the supreme court. To hold that this court may consider errors occurring at the trial which are not urged upon motion below as grounds for a new trial, and

which, therefore, could not have been considered by the court below, is inconsistent and illogical. And we may remark here that there is not in the Texas code, from which our code is almost bodily taken, any provision similar to section 842. We think that our code contemplates that the only method by which to obtain a new trial is by motion therefor to the trial court, and, in case of adverse ruling thereon, by appeal from that ruling. This, of course, would exclude the consideration of any error that is good cause for new trial that was not specifically urged below. We are aware that the supreme court of Texas, in many cases, under a code of procedure from which ours is copied, have considered errors that were apparently not urged upon motion for new trial in the court below. We say "apparently," for, upon an examination of those cases, we are unable to determine whether such errors were or were not embodied in a motion for a new trial. This court has not before passed upon this subject, but in the case of *Dalton* v. *Rentaria*, 2 Ariz. 275, 15 Pac. 37, Wright, C. J., remarks: "Besides, the object of a motion for a new trial is to enable the appellate court to look into the evidence to see if it be sufficient to support the finding." But, nevertheless, we are of the opinion that sections 593 and 842, which are not in the Texas code, in connection with sections 833 and 834, compel the conclusion to which we have come, and that is that this court cannot consider any error which would be good cause for a new trial unless a motion for a new trial upon that ground had been made to the court below, and the motion had been overruled, and the ruling excepted to, and the motion embodied in a bill of exceptions, and the ruling assigned as error by a proper assignment. We have not cited the decisions of many, if not most, of the states, which, upon similar or analogous statutes, sustain the view we have taken, as a discussion of them would take too broad a scope; and for the same reason we do not notice others which seem to sustain a contrary view.

Resuming our examination of the transcript filed in this case, we find copied into it a motion for a new trial, but it is not embodied in a bill of exceptions. Section 842 of the Revised Statutes of 1887, prescribes the method of getting the motion for a new trial, and ruling upon it, into the record.

It must be done by bill of exceptions. The motion and the ruling upon it are consequently not before ·us. There is also a minute entry, made by the clerk, reciting the fact that· on the 30th of October, 1888, the interveners filed their written motion for a new trial, which motion was overruled by the court, and the interveners then excepted. As we have before said, section 842 requires the motion, ruling, and exception to be brought into the record by a bill of exceptions. The minute entries by the clerk cannot serve this purpose. Section 827 provides that, where the ruling or other action of the court appears otherwise of record, a bill of exceptions shall not be necessary. The statute prescribes what shall constitute the record. It consists of the papers; that is, the summons, pleadings, verdict, and copy of the judgment (section 810), and bills of exception, statements of fact (section 844), notice of appeal (section 849), appeal-bond (section 875), assignment of errors (section 875), and statement of the costs (section 875), order of court granting time beyond term for filing statement of facts (section 845), affidavits of bystanders in aid of a bill of exceptions (section 832), the agreed statement provided by section 874, etc. The office of a bill of exceptions, under our code, is to incorporate into the record as facts the ruling or other action of the trial court complained of and the objection of the parties thereto; and the statute, in order that these facts may be correctly stated, and be thereafter uncontrovertible, requires that they shall be stated in a bill or bills of exceptions; that it shall be done within a specified time (generally within so short a time that the memory of the actors may not fail); that the bill so prepared shall be presented· to the trial judge for examination, and by the judge submitted to the opposite party; and finally, if correct, that it shall be authenticated by the signature of the judge. It cannot be contemplated that all these requirements, prescribed to secure accuracy, may be dispensed with, and supplied by the entry of the clerk upon his minute-book. See *Bowman* v. *State*, 40 Tex. 8; *Young* v. *Martin*, 8 Wall. 354.

At the close of a paper designated by the appellants a "statement of the case," and in which is incorporated what purports to be the evidence adduced upon the trial of this cause below, is the following: "And be it further remembered

that on the thirtieth day of October, 1888, [the court] over-
ruled said motion for a new trial, to which ruling and decision
of the court. the interveners duly excepted, and in open court
gave notice of appeal to the supreme court. *Bill of Exceptions.*
Be it remembered that on said thirtieth day of October, 1888,
the interveners presented their bill of exceptions to the judge,
excepting to the ruling and decision of the court in refusing
to grant them a new trial in said cause, which said exception
was duly allowed. I, Wm. W. Porter, judge of the district
court, hereby certify that the foregoing statement of facts is
correct, and is dated February 6th, 1889. Wm. W. Porter,
District Judge."

As we have before noted, this paper is designated in the
caption as a "statement of the case." It is indorsed: "State-
ment of the case to be used on appeal." It is certified by
the judge to. be a "statement of facts." It has appended to
it, and as a part of it, a specification of particulars wherein
the evidence fails to sustain the decision, and it assumes the
functions of a bill of exceptions. The statute (section 843)
provides for the making out and filing of a statement of the
facts given in evidence on the trial. Such statement shall
be made out and submitted to the opposite party for inspec-
tion; and, if the parties agree upon the same, they shall
sign it, and submit it to the judge, who shall, if he find it
correct, approve and sign it, and it shall be filed with the
clerk during the term. The court may, by order entered of
record during the term, authorize the statement of facts to
be made up and signed and filed in vacation, at any time
not exceeding thirty days after the adjournment of the term.
Sec. 845. On the 14th of December, 1888, the court ordered
that the interveners have thirty days after the term in which
to prepare the statement on appeal. The statement was filed
on the 15th of February, 1889. As we have before suggested
with reference to the filing of the appeal-bond, we cannot say
whether this statement was filed in term time, or, if not, within
thirty days after adjournment; the record not disclosing
when the term did adjourn. We would consequently have to
disregard the statement of facts.

We will next consider this statement in its aspect as a bill
of exceptions. By a rule adopted by the supreme court of

Texas, it is provided that exceptions to evidence admitted over objections made at the trial may be embraced in the statement of facts, in connection with the evidence objected. Rule 56 for district courts, Texas. In practice, in that state, the rule has become extended so that it is permitted to embrace exceptions to many other rulings than to those admitting evidence over objections. We think that the practice to allow exceptions to the admission of evidence, as well as to the rejection of proposed evidence, and other rulings and actions of court during the progress of the actual trial of the cause, to be embraced 'in the statement of facts, is to be commended, as being convenient, simple, and expeditious, and as tending to render the record less cumbersome. But we cannot dispense with the formalities required in cases of bills of exceptions. The statute requires that the bill of exceptions must be presented to the judge within ten days after the conclusion of the trial, and during the term, and that it must be filed during the term; and, if a party resorts to this method of making a record of his objections to the rulings below, he must follow the rules prescribed for bills of exceptions, and not those governing statements of facts. *Howard v. Houston,* 59 Tex. 76; *Railroad Co. v. Eddins,* 60 Tex. 656; *Lockett v. Schurenberg,* 60 Tex. 610; *Railway Co. v. Joachimi,* 58 Tex. 454; *Blum v. Schram,* 58 Tex. 528; *Morris v. Rhine,* (Tex.) 8 S. W. 315. The statement in this case was not filed in the time prescribed for filing bills of exceptions, and cannot be considered as such. We do not wish to be understood as approving the practice of embodying motions for new trials, and the rulings thereon, in the record, by incorporating them in the statement of facts. On the contrary, we do not think it authorized, and distinctly disapprove of it. A statement of facts should contain a statement of the facts pertinent to the issues joined, admitted or agreed to have been proved, and the evidence of those not admitted or agreed to have been proved, adduced at the trial. It is unnecessary and improper to embrace in the statement of facts the unnecessary verbiage of witnesses; the commissions and other formalities of depositions, unless some error is alleged concerning such formalities; the full context of deeds or other documentary evidence, when there is no dispute of them,—a statement of

their legal effect as evidence being sufficient. See *Kemper* v. *Victoria,* 3 Tex. 135; *Wright* v. *Wright,* 6 Tex. 3; *Hawkins* v. *Lee,* 22 Tex. 544. And the statement must affirmatively show that it does contain all the facts admitted; those agreed to have been proved, and the evidence of those disputed. The instrument which is the foundation of a cause of action or defense should, however, appear in full. Exceptions to the ruling of the court in admitting or rejecting evidence may be embraced in the statement of facts, and will be as well saved in that manner as if embodied in a bill of exceptions, if the requisites of the statute relative to the preparation, presentation, allowing, and filing of bills of exceptions shall have been observed. Motions for new trials or in arrest of judgment, (Rev. Stats. 1887, sec. 842); for continuance; for change of venue, and all incidental motions, as motions to strike out the whole or parts of pleadings; for bills of particulars, to make pleadings more specific; for abstracts of title, and the like, and the rulings thereon, and the exceptions to the rulings, must be embodied in bills of exceptions in order that they may become parts of the record of the cause in this court. In short, every matter not otherwise made by statute a matter of record must be made so by a statement of facts or a bill of exceptions if we are required to review such matter. Reference to the Texas decisions will discover that many matters of practice are determined by reference to rules adopted by the supreme court of that state for the various courts of the state. But, so far as those rules are pertinent to matters we have discussed in this opinion, we regard them simply as restatements of statutory requirements or judicial constructions of the code, and as such are authoritative guides for us. The constitution of Texas confers upon the supreme court of that state power to make rules and regulations for the government of that and the other courts of the state, to regulate proceedings, and expedite the dispatch of business therein. Const. Tex., art. 5, sec. 25. While our present Code of Civil Procedure is almost a rescript of that of Texas, the legislature of this territory did not confer upon this court the power to make rules and regulations. It is for the reason that very much contained in the rules prescribed by the supreme court of Texas regulating the practice there

must be supplied here by judicial construction that we have felt it our duty to announce, upon this opportunity, so far as the questions were presented by the record, our construction of the present code. While we might have disposed of this case by dismissal, for the reason that the record does not disclose that the appeal had been perfected in time, and a decision upon subsequent matters has been unnecessary to the disposal of the case, we have been prompted to examine the whole record, and point out the defects in matters of practice appearing there, by the fact that many other causes depending on the docket are in more or less degree likewise defective. This cause was commenced while the former code (Comp. Laws 1877) was in force, and was tried only a short time after the present code came in force; and, not unnaturally, appellant, from mere force of habit, attempted to perfect his appeal under the former code. Much confusion in the practice in this and the district courts has arisen from this change of our Code of Practice as it existed prior to July, 1887, to one radically different, adopted that year.

For the reason that it does not appear that this appeal was ever properly perfected, this cause must be dismissed. We can say, however, that we have read the evidence transcribed into the record; and, while it may be in some particulars contradictory and conflicting, yet, under the familiar rule in such cases, we will not disturb the finding of the court below. The appeal is dismissed.

Wright, C. J., concurs. Sloan, J., took no part in the consideration of this appeal.