IN THE MATTER OF J. HUBASH, an alleged Bankrupt.

APPEAL FROM BICKERTON, J.

HEARING, MARCH 20, 1893.　　　DECISION, APRIL 7, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

*An appeal bond which does not designate the decision appealed from, nor the cause or Court in which it was rendered, is insufficient.*

OPINION OF THE COURT, BY FREAR, J.

This case was placed on the calendar as an appeal from a decision rendered July 27, 1892, by Bickerton, J., denying the petition of Bishop & Co., that defendant Hubash be declared a bankrupt. Defendant's counsel moves that the case be ordered stricken from the calendar on the ground that no sufficient appeal bond was filed as required by the statute (Laws 1884, Ch. 35, Sec. 21).

There is a document on file which petitioner's counsel contend is a sufficient appeal bond. It is in the following words:

"Know all men by these presents that we, Charles R. Bishop, J. H. Paty and S. M. Damon, copartners doing business together under the firm name of Bishop & Co., are held and firmly bound unto Henry Smith, Chief Clerk of the Supreme Court, and his successors in office, in the penal sum of one hundred dollars, for the payment of which we bind ourselves, our heirs, executors and administrators. Witness our hands this 27th day of July, A. D. 1892. The condition of this obligation is such that if we shall pay all costs arising from our appeal to the Supreme Court in Banco from the decision and order made this day arising from said appeal in case it shall be sustained, then this obligation to be void.

"BISHOP & Co.

"Witness: C. L. Carter."

This document is not entitled in any court or cause, nor does it give the names of the parties to the proceedings. It does not in any way identify the decision appealed from, nor the cause or court in which it was rendered; nor does it state the nature of the decision or of the cause or court. For aught that appears in the bond it might have been filed with equal propriety in any appealable case in which Bishop & Co. were either plaintiffs or defendants, or in which any other person than Hubash was the opposing party, or in an *ex parte* proceeding in which Bishop & Co. were the only parties; or in a case decided in the Supreme .Court, or in any Circuit, Police or District Court. How could a recovery be had on the bond in case this appeal should not be sustained, there being nothing to identify the decision, or the cause or court in which it was rendered?

The bond is clearly insufficient, and this view is fully sustained by the following recent cases: *In re Estate of O'Hara*, 60 Tex., 179; *Burch vs. Bastrop*, 38 Tex., 80; *Sutherland vs. Putnam* (Ariz.), 24 Pac. Rep., 320; *Jackson vs. Relf* (Fla.), 4 So. Rep. 534.

The bond is also defective in other respects which need not be considered.

The appeal is dismissed.

*C. L. Carter* and *F. M. Hatch*, for petitioners.

*C. W. Ashford*, for defendant.