## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SEABOLD. (No. 6918.)

(Court of Civil Appeals of Texas. Austin. Nov. 4, 1925. Rehearing Denied Nov. 25, 1925.)

**1. Appeal and error**  1177(4)—**Judgment reversed because pleadings insufficient to warrant evidence introduced will not be rendered in favor of other party.**

Judgment reversed because pleadings were insufficient to warrant introduction of evidence received thereon will not be rendered in favor of other party, unless record shows that case was fully developed and judgment for losing party is only proper judgment to be rendered.

**2. Appeal and error**  1178(8)—**Judgment reversed because pleadings were insufficient to warrant evidence introduced will be remanded so that prevailing party may amend pleadings.**

Where judgment was reversed because pleadings were insufficient to warrant introduction of evidence received thereon, case will be remanded in order that prevailing party may amend his pleadings so as to admit evidence in support of defense, which record discloses exists or may exist in his favor.

Appeal from Navarro County Court; A. P. Mays, Judge.

Suit by the St. Louis Southwestern Railway Company of Texas against E. Seabold. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

E. B. Perkins, of Dallas, and Richard Mays, of Corsicana, for appellant.

Gibson & Lovett, of Corsicana, for appellee.

McCLENDON, C. J. This suit was by appellant, St. Louis Southwestern Railway Company of Texas, to recover from E. Seabold, appellee, the sum of $310.11, the alleged unpaid balance due for freight charges upon a car containing "contractor's outfit" shipped from Smackover, Ark., to Powell, Tex. The petition alleges that the freight was shipped under a written bill of lading, signed by appellee's agent, in which the articles shipped were designated as "contractor's outfit," the regular published rate for which amounted, in the aggregate, to $425.11, and that appellee had paid $115 thereon, leaving due the balance claimed. Upon the trial appellee was permitted to introduce evidence, over the objection of appellant, to the effect that he had ordered what is termed an "emigrant's movables" car, which took the rate of $115, and that the articles shipped were such as were permitted to be embraced in the classification known as "emigrant's movables." Appellant's objection to this testimony was that there was no pleading to authorize it.

The court found that the shipment was improperly billed by mistake; that the articles in fact came within the "emigrant's movables" classification; and upon this finding rendered judgment for appellee. The appeal is from this judgment, and the controlling question presented is whether the pleadings were sufficient to warrant the introduction of the evidence upon which the findings of the court which support the judgment are based.

Appellee concedes that the pleadings were not sufficient to warrant the introduction of the evidence of mutual mistake in improperly billing the shipment, and that the cause should therefore be reversed on that account. In this conclusion we concur.

[1, 2] Appellant contends, however, that, because there was no pleading to support the defense which the evidence disclosed, judgment should be here rendered in appellant's favor. The authorities in this state are otherwise. The rule-is that where a judgment has been improperly rendered for one party and for that reason must be reversed, it will not be rendered in favor of the losing party unless the record shows that the case was fully developed, and that the judgment for the losing party is the only proper judgment to be rendered. And this is true even where there is no pleading which would support a judgment for the prevailing party; the rule being in that regard to remand the case in order that the prevailing party may amend his pleadings so as to admit evidence in support of a defense which the record discloses exists or may exist in his favor. Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7; Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Railway v. Price (Tex. Com. App.) 240 S. W. 528; Smith v. Patton (Tex. Com. App.) 241 S. W. 117; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Pershing v. Henry (Tex. Com. App.) 255 S. W. 384.

For the error of the court in improperly admitting the evidence complained of, the trial court's judgment is reversed and the cause remanded to that court for a new trial.