## SECURITY UNION CASUALTY CO. v. M. & V. TANK CO.   (No. 2827.)

Court of Civil Appeals of Texas. Amarillo. May 4, 1927.

Rehearing Denied June 8, 1927.

**1. Insurance ⟼188(2)—Petition in action for insurance premium having attached policy issued by company other than plaintiff, and not showing plaintiff's right to premium, held demurrable (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In casualty company's action for premiums due on insurance policy issued under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), where policy attached to petition was issued by a company other than plaintiff, and where plaintiff did not plead that contract was made for its benefit, or on its behalf, or that it had acquired it and rights under it, by assignment or transfer of any kind, held, petition was bad on general demurrer.

**2. Pleading ⟼312—Written contract attached to pleading controls pleading.**

Where an action is based on a written contract, which is attached to the pleading as an exhibit, the terms of the contract control the pleadings.

**3. Pleading ⟼312—Written instrument, made part of petition, will be given its legal effect on demurrer, and that effect will control conflicting allegations of petition.**

Where written instrument is made part of petition, court on demurrer will give instrument the legal effect to which it is entitled, and such legal effect will control conflicting allegations of petition.

**4. Appeal and error ⟼242(3)—Insufficiency of petition as against general demurrer is fundamental error, regardless of ruling on demurrer.**

The fact that petition is insufficient as against a general demurrer presents fundamental error, reviewable regardless of absence of ruling on demurrer.

On Motion for Rehearing.

**5. Appeal and error ⟼1178(8)—In action for insurance premium, insufficiency of petition held fundamental error on plaintiff's appeal necessitating reversal with leave to plead over.**

In action for insurance premium, where policy attached to petition was issued by another company than plaintiff, and plaintiff's right to premium not otherwise shown, and where verdict was directed for defendant without ruling on defendant's demurrer to petition, held, on plaintiff's appeal, insufficiency of petition was fundamental error, requiring reversal, with leave to plaintiff to plead over.

Appeal from Wichita County Court; O. M. McFarland, Judge.

Action by the Security Union Casualty Company against the M. & V. Tank Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Raymond M. Myers, of Wichita Falls, for appellant.

Kenley, Dawson & Holliday, of Wichita Falls, for appellee.

HALL, C. J. [1] The appellant company filed this suit to recover certain premiums which are alleged to be due it upon a policy of insurance which it is alleged the appellant issued to the appellee, M. & V. Tank Company. The policy was issued under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and the sum claimed to be due for premiums was estimated upon the pay roll of the appellee according to the terms of the policy. The policy is attached to and made an exhibit to the petition. Upon its face it appears to be a policy issued and signed by the Oilmen's Reciprocal Association of Houston. The name of the appellant nowhere appears in the policy. There is no allegation in the appellant's petition which in any way connects appellant with the policy, or shows any right on the part of appellant to recover the amount, if any, due under its terms. The policy is not a negotiable instrument. It is not alleged that it was issued by the Oilmen's Reciprocal Association for the benefit of the appellant, or that appellant has acquired it, and the rights under it, by assignment or transfer of any kind, nor is there any allegation to the effect that the appellant is the undisclosed principal, and the Oilmen's Reciprocal Association its agent in the issuance of the policy.

---

⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2, 3] The appellee filed a general demurrer, which the trial court should have sustained. The appellant showed no right to recover the amount sued for. Where an action is based upon a written contract, which is attached to the pleading as an exhibit, the terms of the contract control the pleadings. Pyron v. Grinder, 25 Tex. Supp. 159. Where a written instrument is made a part of the petition, the court will on demurrer give to the instrument the legal effect to which it is entitled, and its legal effect will control, when the allegations of the petition conflict with the instrument. Rowles v. Hadden (Tex. Civ. App.) 210 S. W. 251.

According to the recitals in the contract, made an exhibit, the Oilmen's Reciprocal Association alone is entitled to recover. Where it does not appear from the contract, or from the allegations of the pleader, that the plaintiff is a party to it, or that it was made for his benefit, or on his behalf, the petition is demurrable. 13 C. J. p. 715, § 828; Leon v. Kerrison, 47 Fla. 178, 36 So. 173; Douglass v. W. L. Williams Art Company, 143 Ga. 846, 85 S. E. 993; Montana Amusement Securities Company v. Goldwyn Distributing Company, 56 Mont. 215, 182 P. 119; Ericksen v. Rhee, 181 Cal. 562, 185 P. 847; McKeever v. Oregon Mtg. Co., 60 Mont. 270, 198 P. 752; 15 Encyc. Pl. & Pr. 504, 507. The court directed a verdict for the defendant.

[4] It does not appear from the record that the trial judge made any ruling upon the appellee's general demurrer. The fact that the petition is insufficient as against a general demurrer presents fundamental error. Under these circumstances, the proper disposition to make of the case is to reverse the judgment and remand, in order that appellant may, if it desires to do so, amend its petition; and it is accordingly so ordered.

Reversed and remanded.

On Motion for Rehearing.

[5] The appellee insists that the judgment should have been reversed and rendered in its favor, rather than reversed and remanded. It is true that the plaintiff, neither by its pleading nor evidence, showed any right to recover upon the cause of action declared upon, and, as requested, we find that no evidence was introduced which entitled the plaintiff to recover; but we cannot assent to the proposition that under such circumstances we should render the judgment in appellee's favor.

The appellee filed a general demurrer to the plaintiff's petition, but the demurrer was not urged. If it had been urged, and appellee had insisted, that the petition was insufficient because it failed to show any right on the part of appellant to recover, the reasonable inference is that the pleading would have been amended to cure such fatal defect.

We cannot presume that the plaintiff would endeavor to collect through the courts a claim to which it was not entitled, nor can we presume that its attorney would be guilty of filing such a suit. The presumptions are the other way. While there are some discordant notes, the rule is, in such cases, to remand the cause for another trial, rather than render the judgment in this court. Camden Fire Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; International Bridge & Tramway Co. v. McLane, 8 Tex. Civ. App. 665, 28 S. W. 454; Fort Worth & D. C. Ry. Co. v. Copeland (Tex. Civ. App.) 164 S. W. 857; Joseph W. Moon Buggy Co. v. Moore-Hustead Co. (Tex. Civ. App.) 196 S. W. 328; Missouri State Life Ins. Co. v. Boles (Tex Civ. App.) 288 S. W. 271; St. Louis Southwestern Ry. Co. v. Seabold (Tex. Civ. App.) 277 S. W. 229; Traweek v. Pecos & N. T. Ry. Co. (Tex. Civ. App.) 288 S. W. 843; Allen v. J. A. Clopton Realty Co. (Tex. Civ. App.) 135 S. W. 242.

The motion is overruled.