## EDWARD MALOY v. THE STATE.

1. A party is not entitled in this court to a revision of the judgment of a lower court, on the facts of the case, or on the ground that the judgment was not warranted by the evidence, unless he had filed a motion in the lower court for a new trial within the time limited by the statute. (Paschal's Digest, Articles 3136 and 1473.)

2. But without any motion for a new trial in the court below, an appellant is entitled in this court to a revision of alleged errors of law committed by the court below.

3. Section 45 of Article 12 of the present State Constitution, which provides that all the qualified voters of each county shall also be qualified jurors of such county, entirely abrogates all the previous enactments which prescribed the qualifications of jurors; and it is not now competent for the Legislature or the courts, or any other authority, to impose or require different or additional qualifications for a juror than that he shall be a qualified voter of the county. It was error, therefore, for a district court, in the trial of a criminal cause, to exclude certain jurors on the ground that they were not freeholders or householders, nor entered on the jury list.

APPEAL from Fayette. Tried below before the Hon. T. C. Barden.

No further statement of the case is necessary than that given in the opinion of the court.

*J. R. Burns,* for the appellant.

*Wm. Alexander*, Attorney General, for the State, moved to dismiss the appeal.

OGDEN, J.—The appellant in this case was indicted in the District Court of Fayette county, for the theft of a mule, and on the sixth day of June, 1870, was tried in said court and convicted of the offense charged, and from the judgment of that court, entered up against him, he has appealed, and now seeks a reversal of the judgment by this court, for reasons set forth in his assignment of errors and bill of exceptions, wherein he especially claims that he was, by the erroneous ruling of the district court, deprived of the rights guaranteed to him by the Constitution of the State.

The Attorney General, however, files a motion to dismiss the appeal, for the reason that defendant failed to file his motion for a new trial in the court below, within the time prescribed by law, and that therefore he is not entitled to be heard on an appeal. We are satisfied from the repeated decisions of this court, that when a party seeks the revision of a judgment of a lower court, upon the facts of the case, or rather upon the ground that the judgment was not warranted by the evidence, he will not be entitled to a hearing in this court, unless he had filed his motion in that lower court for a new trial, and that too within the time prescribed by law. (Foster v. Smith, 1 Tex., 70; Tuberville v. The State, 4 Tex., 128, and Hart v. Ware, 8 Tex., 115.) But we are not aware of any ruling of this court which would prevent a party from seeking a revision by this court of errors of law committed in the district court, even though no motion for a new trial was made in the lower court. This is believed to be the intent and meaning of the latter clause of Art. 3138, Paschal's Digest, which reads as follows: " When the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record." This construction of article 3138, would relieve it from an apparent

conflict with Article 3136, Paschal's Digest, which limits the time within which a new trial can be granted.

We are therefore of the opinion that appellant should be heard in this case, in so far as he claims that errors of law were committed to his prejudice in the court below.

We are therefore called upon to decide the legal questions relied upon by counsel for appellant for a reversal of the judgment of the lower court in this case, as set forth in his assignment of errors and bills of exceptions.

There are many errors of the court below complained of, but under the peculiar circumstances under which this case has come up, we deem it unnecessary for us to notice any other alleged errors than those set out in appellant's sixth assignment of errors, in which, and in the exceptions therein referred to, appellant complains that on the trial of his case the court, on motion of the district attorney, excluded six or more duly qualified and competent jurors, for the reason that a portion of them were not freeholders or householders, as required by the statute, and that others were not on the jury list, as required by the same statute; and counsel for appellant claims that the statute prescribing certain qualifications for jurors is in conflict with section 45, article 12 of the Constitution now in force, and is therefore of no binding force or authority. That statute, prescribing certain qualifications for jurors was passed in 1856, under a different Constitution and a different organization of society from that which exists at the present time. Then the law was in strict conformity with the Constitution and the requirements of society; but that Constitution being no longer adapted to the changed condition and requirements of society, has passed away and become obsolete, while a new Constitution, to meet the wants and demands of society in its rapid changes, has been adopted; and that new Constitution, and not the old one, is hereafter to be the rule and authority for the interpretation and construction of all our laws, whether passed before or after its adoption.

It therefore follows that any law which is, or may hereafter be in conflict with any provision of the Constitution, is absolutely without authority and void.

The law prescribing a property qualification for a juror, or that which prescribes that no person shall be a qualified juror unless his name be on a jury list, prepared and kept by the county court of each county, is certainly in conflict with Article 12, section 45, of our Constitution, which declares that " all the qualified voters of each county shall also be qualified jurors of such county." There is no ambiguity in the language of that clause of the Constitution which would authorize any other construction than an intended prohibition to the Legislature, county court or any other body of men, from prescribing any other qualification for a juror than that he should be a qualified voter.    We are therefore of the opinion that the ruling of the district court in excluding a juror from the panel because he was not a freeholder, or householder, or because his name was not on the jury list prepared by the county court, was erroneous, and in conflict with the express declaration of the Constitution, and for which error this cause is hereby reversed and remanded.

Reversed and remanded.