GILL v. RODGERS.

[Term of

Syllabus.

---

### W. H. GILL v. HUGH RODGERS.

1. Article 1473, Paschal's Digest, which requires that all motions for new trials in arrest of judgment, or to set aside a judgment, shall be filed within two days after the rendition of the verdict, is mandatory, and binding upon the court as well as the parties litigant.

2. A party desiring a new trial in a case, but who, from causes not under his control, has failed to file his motion within the time prescribed by the statute, has a remedy by an original bill in equity for that purpose.

3. After the expiration of two days from the rendition of a judgment, the parties are no longer considered as in court, and the successful party has a right to consider the judgment final, so that it cannot be disturbed otherwise than by appeal, or writ of error, or an original proceeding in equity.

APPEAL from Red River. Tried below before the Hon. A. H. Latimer.

This suit was instituted by the appellant against the appellee, in the form of an action of trespass to try title. On the 19th of October, 1871, judgment was rendered in favor of the defendant, and on the 9th of November, 1871, some three weeks after the rendition of the judgment, the plaintiff filed a motion for a new trial in behalf of one Randolph Baily, who, it seems, had purchased the land *pendente lite.*

One of the causes assigned for a new trial was that, pending the litigation, Randolph Baily, the party in whose behalf the motion for a new trial was filed, had purchased the titles of both of the parties litigant; and that it was understood and agreed between all of the parties that a compromise decree was to be entered up in the suit, vesting the title to the land in Baily; and that Baily and Gill, relying upon the promise of Rodgers to make no defense, but to allow a decree to be entered up in favor of Baily, paid no further attention to the suit, but that Rodgers disregarded this agreement, and, when the case was called, asked and obtained a judgment for the land in his own favor.

Attached to this motion for a new trial was an affidavit of Baily as to the truth of the facts set forth in the motion.

The court below overruled the motion for a new trial, and the plaintiff appealed.

*Walton & Green,* for the appellant. It is expected that the court will dispose of this appeal upon the principles laid down in Hough v. Hammond, 36 Texas, 657. It is no longer an open question that a judge, for good cause shown by applicant (who is a party in interest, and in fraud of whose rights the judgment rendered was obtained and acts), may grant a new trial after more than two days have elapsed since rendition of judgment; and that the failure of a judge so to do, where it was his manifest duty, is subject to the revision and correction of this court. (Wells v. Melville, 25 Texas, 337.)

It may be said that Baily has his remedy by separate suit. However this may be, he is entitled to his decree in the present

suit, if his affidavits are true, *and, for the purposes of this review, they are true.* The court below is a court clothed with equity and common law powers, bound to exercise each for the vindication of justice and prevention of wrong and fraud ; and surely it cannot be affirmed in its refusal to purge its records of the wages of palpable fraud. And this it should have done, without remanding the party seeking redress to a new and separate suit, on the principle that "equity abhors a multiplicity " of suits."

That the judgment rendered in this case is liable to be attacked, impeached, or set aside in collateral proceedings, admits of no doubt, from the facts as set out in the record, and the law as laid down in Kerr on The Law of Fraud and Mistake, p. 293.

But we particularly ask the attention of the court to another view of the case.

The act of this defendant or appellee, Rodgers, in asking and securing this judgment, was a fraud upon the court, and the court should have set it aside. (Kerr on Fraud and Mistake, 293), where it is said such judgment or decree (obtained by fraud upon the court) " binds not such court or any other."

We submit that the motion for new trial and to set aside the judgment, and the accompanying affidavit, make out such a case of fraud.

The motion for a new trial was made as soon as the plaintiff, Gill, and the party at interest, Baily, knew of the duplicity and bad faith of Rodgers.

*W. B. Wright*, for the appellee.

OGDEN, J. On the 19th day of October, 1871, a judgment was rendered in this cause for the appellee, and, on the 9th day of November following, appellant filed a motion for a new trial, for the use and benefit of parties therein named, but who were not parties to the suit or judgment. The court overruled the motion, and from which judgment this appeal is taken.

The statute provides that " all motions for new trials in arrest " of judgment, or to set aside a judgment, shall be made with- " in two days after the rendition of the verdict." The terms of the law are mandatory and must be obeyed by courts as well as by parties. We know of no exception to this requirement of the statute, which will allow parties litigant to come in after the expiration of the time limited by law, with a simple motion for a new trial. When a party has failed to make the motion within the prescribed time, from any cause not under his control, he has a clearly defined and specified remedy, by bill in equity. (Goss v. McClaren, 17 Texas, 120, and Cook v. De la Garza.) But this is quite different from a simple motion.

It may be presumed that the object and purpose of the Legislature in limiting the time within which motions for new trials might be filed, was to furnish parties attending to their causes in court, a guarantee that, after that time, no motion would be heard, and their presence at court would no longer be necessary.

Until the two days expire after the verdict, both parties may be considered as in court, and are bound to notice any action made by the defeated party for a new trial. But, after that time, the case is no longer in court, and parties interested have a right to think the matter settled. And, under repeated decisions of this court, all final judgments, after the expiration of the time limited, cannot be disturbed excepting by an appeal or an original proceeding in equity.

We do not understand the decision in Wells v. Melville, 25 Texas, 338, as announcing any other doctrine, and certainly none other was intended in Hough et al. v. Hammond. In that case a new trial was sought in an original proceeding by petition and citation, and this we held to be the correct practice. In the case at bar, twenty-one days had elapsed after the rendition of judgment before the filing of the motion for a new trial. And the object of the motion, as set out in the affidavits accompanying the motion, was for the benefit of a third party, who, through his great confidence in others, had neglected to

attend to his own affairs.   He may have rights which were disregarded in the judgment, and if so, he still has a proper and specific remedy ; but we think that remedy was not by motion for a new trial after the expiration of the time limited by law.

There is no error in the judgment of the District Court, and it is affirmed.

Affirmed.