# COURT OF APPEALS OF TEXAS.

## AUSTIN TERM, 1876.

### POLEY REED v. THE STATE.

1. JURIES—IMPEACHING ORGANIZATION.—A plea that the grand jury was an illegal body, in whose selection none of the requirements of law had been complied with, and, further, that the petit jury impaneled to try the accused was not selected as provided by law, presents matters which, under our practice, are not good in abatement of the indictment, nor in arrest of judgment, nor as a motion to set aside the indictment, nor as a special plea or exception to the indictment.

2. GRAND JURY—CHALLENGE TO THE ARRAY.—The only mode by which objections are available against the body of persons summoned to serve as grand jurors is by challenge to the array, and the proper time is before they have been interrogated as to their qualifications.

3. CHALLENGE TO A PARTICULAR INDIVIDUAL is to be made after the qualifications of the grand jurors have been tested by their own oaths.

4. OPPORTUNITY TO CHALLENGE should be accorded to prisoners awaiting the action of the grand jury as well as to other persons, and a proper practice in this particular is defined and strongly commended for adoption by the district judges.

APPEAL from the District Court of Milam. Tried below before the Hon. A. S. BROADDUS.

No brief for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

WHITE, J. The indictment in this case, which was found and presented in court by the grand jury at a regular term of the district court of Milam county, charges that the appellant, on the 21st of March, 1874, " did then and there unlawfully and willfully permit and allow, in a certain house then and there being under the control of said Poley Reed,

one Morris A. Brophy to keep and exhibit, for the purpose of gaming and obtaining bets thereon, a certain gaming bank, commonly called a chuck-luck bank." To this indictment defendant filed two pleas in abatement—upon the ground that the grand jury which found the same was an illegal body, in whose selection none of the requirements of the law had been complied with, and also a plea in abatement upon the ground that the petit jury called to try the case was not selected as provided by law.

The record does not disclose, by order of the court, bill of exceptions, or otherwise, except in the assignment of errors filed by appellant in the supreme court some months after the transcript, that any action was ever had by the court upon these special pleas; but, on the contrary, the presumption, from what appears in the record, is that they were waived, and that the only defense relied upon by defendant on the trial was his plea of not guilty.

In *Shaw* v. *The State*, decided by the supreme court at Austin on the 27th day of April, 1875, where a similar question was involved, Justice Moore says: "If there was any irregularity of action of the grand jury by whom the indictment was presented, or if it was found by an illegal body, not authorized to act in the capacity of a grand jury, it does not appear on the face of the indictment, by bill of exceptions, or otherwise, in the record brought to this court, except as alleged in appellant's motion to quash. There was, therefore, unquestionably no error in the refusal of the court to quash the indictment on this ground."

The rule as here laid down, if there were no other, would be sufficient to dispose of the question raised, relative to the grand jury, by the appellant's assignment of errors. But we think that a reference to the positive provisions of our statute, and the decisions thereon, will show that such a special plea is not permissible under our practice, either in abatement of the indictment or in arrest of the judgment.

The statute reads: "No objection shall be heard by motion, plea, exception, or in any other manner, to an indictment on the ground that the grand jury finding the same was not legally constituted. Any objection to the qualification of one or all the grand jurors may be made available in the manner provided by Article 363 and following Articles (which Articles have reference to the challenge to the array and to the particular grand juror *before the body is impaneled*), and in no other way." Art. 2868, Pasc. Dig. And in construing the effect to be given to our statute, the supreme court have, time and again, reaffirmed the proposition that "a challenge is not simply one mode of reaching the objection, but the statute declares in express terms that the objection shall be made in no other way." *Hudson* v. *The State*, 40 Texas, 14; *Martin* v. *The State*, 22 Texas, 214; *Johnson* v. *The State*, 33 Texas, 570; and see *Newman* v. *The State*, 43 Texas, 526.

The plea in abatement in this case does not come within the purview of either of the only special pleas which can be heard for the defendant, as set out in Paschal's Digest, Article 2951. If it should, therefore, rather be treated as a motion to set aside the indictment than as a special plea, then our law provides "that such a motion shall be based upon one or more of the following causes, and no other: 1st. That it appears by the records of the court that the indictment was not found by at least twelve grand jurors. *    *    *    2d. That some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same," etc.    Art. 2950, Pasc. Dig.; *The State* v. *Oxford*, 30 Texas, 428; and, directly in point, see *Newman* v. *The State*, 43 Texas, 526.

We cannot appreciate the force of the 2d special plea in abatement, wherein the position assumed is that the laws above cited are in violation of sections 8, 16, and 23 of Article

1, Constitution of 1869. We can perceive no conflict. But in view of the frequency with which this court may be called on to pass upon such questions, relative to the mode and manner in which grand juries are constituted, organized, and impaneled, notwithstanding the unambiguous and positive provisions of the statutes above quoted, we are induced to call the attention of district judges to the provisions of our Code of Criminal Procedure, title 4, chapter 1, " On the organization of the grand jury," and to suggest that if the practice therein provided be observed and followed, as it should, and as it evidently was intended to be by the legislature, such questions are not likely to occur.

It will be seen that the right is given to " any person, before the grand jury have been impaneled, to challenge the array of jurors, or any person presented as a juror." Art. 2830, Pasc. Dig. And the grounds upon which they are authorized to exercise this right are fully set out in Articles 2831 and 2832. One of the grounds assigned, for instance, as cause of challenge to the particular juror (Art. 2832, subdiv. 5), is that " he is the prosecutor against the person making the challenge." Yet, notwithstanding this important right given the citizen, it is rarely, if ever, exercised, for want of knowledge of the right, or want of an opportunity offered him by the judge to avail himself of it ; and in a large number of instances the party who could successfully make this challenge against his prosecutor, and, by getting rid of him, perhaps thus avoid an unjust indictment, is confined in jail and never permitted to see the men who compose the grand jury, to abide whose action he has been arrested and confined, and is never apprised of the fact that his prosecutor is one of the number.

Again, to illustrate further, the law does not permit a party who is himself either under accusation, or who is related by consanguinity or affinity to some person who has been held to bail, or who is in confinement upon a criminal

accusation, to sit upon the grand jury, as is provided in subdivisions 4 and 6 of Article 2832. And yet how often does it occur that the district judge fails to afford an opportunity for inquiry into these most important qualifications—or, rather, want of qualification—in the individual proposed as a grand juror? The proper practice, as it seems to us, would be that the prisoners who are in jail awaiting the action of the grand jury should always be brought into court before the grand jury is impaneled, and an opportunity be afforded them, as well as every other person, to make, if they can, the challenges, 1st, to the array, before the jury have been interrogated as to their qualifications; and, if no challenge to the array is interposed, then, 2d, after the qualifications of the jurors have been tested by their own oaths, to the particular grand juror. Art. 2837. And in case none of the causes of challenge as enumerated in Article 2832 be made, then the jury to be impaneled by being sworn as the law requires. Acts of 1875, 166.

It is believed that, if this procedure is had, none other than a proper grand jury is likely to be impaneled; that the rights of every person, and especially defendants, will be fully secured and protected, as far as they can be secured and protected, in the selection and organization of that body; and that hereafter there will be no similar ground of complaint upon this score.

As to appellant's special plea in abatement to the petit jury, we find that the challenge to the array and principal causes for challenge to the particular petit juror, before the adoption of the Constitution of 1869, were those enumerated in Articles 3034 and 3040. This latter Article (3040) is supposed to be, and has been declared to be, in conflict with the Constitution of 1869, and, therefore, no longer of any binding force and authority. In *Maloy* v. *The State* the court say: "The law prescribing a property qualification

for a juror, or that which prescribes that no person shall be a qualified juror unless his name be on the jury list prepared and kept by the county court of each county, is certainly in conflict with Article 12, section 45, of our Constitution, which declares that 'all the qualified voters of each county shall also be qualified jurors of such county.' There is no ambiguity in that clause of the Constitution which would authorize any other construction than an intended prohibition to the legislature, county court, or any other body of men, from prescribing any other qualification for a juror than that he should be a qualified voter." 33 Texas, 602. In *Caldwell* v. *The State*, 41 Texas, 93, 94, however, where the objection to the juror was "mental defect," as provided for in subdivision number 4, of Article 3040, the court say: "We cannot think that the law either requires or would tolerate the practice of swearing a man as a juror who could not be made to understand the obligations of an oath;" and this ground, independent of any statutory provision, is still, and would no doubt always be, held a good cause of principal challenge.

We do not think either of the special pleas in this case well taken, and, believing that the charge of the court presented the law applicable to the case, and that there was evidence sufficient to warrant the finding of the jury, there being no material error in the proceedings in the lower court, the judgment is affirmed.

*Affirmed.*