### W. H. Davis v. John H. Zumwalt.

(No. 23, Tex. L. J., vol. 1, p. 59.)

Appeal from Lavaca County. Opinion by Ector, P. J.

§ 596. *Continuance; application for, on account of sickness of leading counsel.* A verbal unsworn application for continuance was made by Patton, one of the attorneys for defendant, on the ground, in substance, that his partner, who had managed and controlled the case, was dangerously ill, and could not be consulted about the trial; that Patton had never conferred with his partner, or had any conversation with defendant about the case, and that he is informed that defendant is absent from the state; that his only knowledge of the case has been since the present session of court, and derived from the wife of the defendant. *Held*, that the application was verbally made, and not sworn to; that Patton himself had, as shown by the record, been of counsel since the filing of the suit; that for aught that appears, the partner may have been sick for some time, and his absence from the trial may have been anticipated for some time. In Haggerty's Ex'rs v. Scott and wife, 10 Tex. 525, it was held "that the absence of a particular attorney, the leading counsel in a case, who has prepared and studied the case, and has the papers, and on account of whose absence important testimony had not been obtained, is no ground for

a continuance where such absence was anticipated by the party and his attorney several weeks before court, no matter how important the business may have been which called the attorney away." The application for continuance was properly overruled.

§ 597. *Motion for new trial when not filed within two days after rendition of judgment.* The motion for new trial was not filed for more than two days after the rendition of the judgment, and no reason is attempted to be shown why it was not filed sooner. It is a matter of discretion in the court below whether it will entertain a motion for new trial which was entered after the lapse of two days from the date of the judgment, and the exercise of that discretion will not be revised by the appellate court. [Pas. Dig. art. 1473; Aldridge v. Mardoff, 32 Tex. 205; Maloy v. State, 33 Tex. 599; Gill v. Rogers, 37 Tex. 628.]

§ 598. *Newly discovered evidence.* It has frequently been held that a party applying for a new trial upon the ground of newly discovered evidence must satisfy the court that the evidence has come to his knowledge since the trial; that it is not owing to want of due diligence it was not discovered sooner; that it is material, and that it would probably produce a different result upon another trial. If the fact set out in the affidavit of Hicks (the witness), which is attached to and made part of the motion for new trial, is true, the defendant certainly knew all about it before the trial. He was a competent witness to testify in regard to it. Had he done so on the trial, then the admissions or declarations which the witness Hicks says he heard the plaintiff make would be cumulative evidence, and would not, had the motion been made in time, have entitled the defendant, as a matter of right, to a new trial. Is he entitled to any more consideration on account of his absence, or his failure to give evidence in the case and tell what he knew of the matter referred to in the affidavit of Hicks? We think not.

February 26, 1877.　　　　　　　　　　　Affirmed.