[Civil No. 304. Filed January 26, 1892.]

[29 Pac. 1006; *sub nom.* Springfield Fire and Marine Insurance Co. -*v.* White.]

## WILLIAM J. WHITE, Plaintiff and Appellee, v. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Defendant and Appellant.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—TIME FOR FILING—REV. STATS. ARIZ. 1887, PAR. 836, CITED.—Statute, *supra,* requires the filing of motion for new trial within two days after rendition of judgment. Where the record does not disclose any reason why a motion for new trial was not filed within the statutory time it will be presumed there was no good reason, and, the filing thereafter not being authorized by statute, the motion cannot be considered.

2. SAME—BILL OF EXCEPTIONS—TIME FOR FILING—ORDER PERMITTING FILING NUNC PRO TUNC—TRIAL—DENIAL OF MOTION FOR NEW TRIAL —CONCLUSION OF—REV. STATS. ARIZ. 1887, PAR. 828, CITED.—The motion for new trial having been denied, and that being taken as the time of the conclusion of the trial, where the record fails to show that the bill of exceptions was presented to the court within the ten days thereafter as required by statute, *supra,* the entry of a *nunc pro tunc* order permitting the filing as within the statutory time, in absence of good cause shown, was unauthorized and will not be recognized by this court as making it a part of the record nor as saving the motion for new trial incorporated therein.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

H. N. Alexander, for Appellant.

C. F. Ainsworth, for Appellee.

The bill of exceptions in this case was not presented to the judge before whom it was tried for his allowance within the time prescribed by paragraph 828 of the Revised Statutes of 1887,—viz., within ten days after the conclusion of the trial. There is no authority for allowing a bill of exceptions after

the expiration of the time prescribed by statute within which the bill shall be presented to the trial judge for his allowance. In the case of *Cameron* v. *Sullivan,* 15 Wis. 510, the supreme court, on motion to strike out the bill of exceptions, says: "We know of no statute or rule of court which authorizes the signing and settling of a bill of exceptions after such a lapse of time. *State* v. *Smith,* 38 Kan. 194, 16 Pac. 254.

In *Hake* v. *Strubel,* 121 Ill. 321, 12 N. E. 676, it is held that when the court allowed and signed a bill of exceptions after the time prescribed it was a mere nullity. *Doherty* v. *Lincoln,* 114 Mass. 362; *Conway* v. *Callahan,* 121 Mass. 165; *Purcell* v. *Boston etc. S. S. Line,* 151 Mass. 158, 23 N. E. 834; *Fetchhinner et al.* v. *Trounstein,* 20 Pac. 704; *Weshmier* v. *State ex rel. Wilcox,* 110 Ind. 523, 11 N. E. 291.

It is the duty of a party bringing a cause to the supreme court to see to its proper preparation for an appeal, and when the record does not disclose that it was through the fault of the trial judge or opposite party that appellant's bill of exceptions was not filed within the time prescribed by the statute, the presumption of negligence is against the appellant, and it cannot complain if its bill of exceptions is not legally before the appellate court. *G. C. and S. F. Ry. Co.* v. *Holliday,* 65 Tex. 512.

GOODING, C. J.—The record in this case shows that the judgment was rendered on the tenth day of December, 1888; that the statement of facts and motion for a new trial were filed on the thirty-first day of January, 1889; that the statement of facts was agreed upon by counsel, and approved by the court, on the thirtieth day of January, 1889. The motion for a new trial is in the bill of exceptions, and nowhere else appears on the record. The statute expressly provides that a motion for a new trial shall be made within two days after rendition of judgment. Par. 836, Rev. Stats. 1887. The judgment having been rendered on the tenth day of December, and the motion for a new trial filed on the thirty-first day of January, it comes after the time fixed by the statute. The record does not disclose any reason why this motion was not filed in the statutory time. We must assume, therefore, that there was no good reason, and that the filing of the motion thereafter was not authorized by the statute. We cannot, there-

fore, consider the motion for a new trial, unless the fact that it is set out in the bill of exceptions places it before this court. The record shows by the clerk's entry that the motion for a new trial was overruled February 4, 1890, and notice of appeal filed on that day. The record contains this entry: "Comes now the defendant, by H. N. Alexander, its attorney, and on motion leave is granted to file bill of exceptions *nunc pro tunc* as of February 6, 1890." And this further entry, on same day: "And thereafter, on the nineteenth day of February, 1890, *nunc pro tunc* February 6, 1890, the defendant filed its bill of exceptions in words as follows, to wit." Then follows the bill of exceptions. The motion for a new trial is set out in this bill of exceptions. That is the bill of exceptions before this court for its consideration. It will be remembered that the motion for a new trial was overruled February 4, 1890. If the *nunc pro tunc* order made on the 19th can be recognized as a proper order by this court, then the bill of exceptions was filed in the proper time, that is, within ten days after the conclusion of the trial. The motion for a new trial having been denied on the 4th of February, and that being taken as the time of the conclusion of the trial, there is nothing before this court to show that the bill of exceptions was presented to the court or judge within the ten days fixed by the statute. Rev. Stats., par. 828. The record does show that on the nineteenth day of February, 1890, on motion of the defendant below, the court did authorize the entry of the *nunc pro tunc* order. There is no cause shown why this bill was not presented to the judge within the ten days; nothing to show that it was the fault of the judge, and not the fault of the defendant (appellant) that said bill was not, at least, presented within the statutory ten days. In the absence of some such showing, we think it is clear that the trial court had no authority to extend the time fixed by the statute, and that, the *nunc pro tunc* order being made without anything in the record to warrant it, it cannot be recognized by this court. We therefore conclude that the bill of exceptions is no part of the record, and that the motion for a new trial is not saved thereby. But, if it could be held to be in the record by virtue of the bill of exceptions, the motion itself was not filed till fifty-one days after the judgment was rendered, and

therefore cannot be considered by us. This leaves the case to rest in this court on the complaint and judgment. We think the complaint states a cause of action that warrants the judgment, and therefore the judgment below should be affirmed. It is so ordered.

Sloan, J., and Wells, J., concur.