[Civil No. 729.    Filed March 28, 1900.]

[60 Pac. 936.]

THE SVEA INSURANCE COMPANY, Defendant and Plaintiff in Error, v. ELMER E. McFARLAND et al., Plaintiffs and Defendants in Error.

1. APPEAL AND ERROR—RECORD—MOTION FOR NEW TRIAL—PRESUMPTION—DENIED BY OPERATION OF STATUTE—WHEN—LAWS OF ARIZ. 1891, ACT No. 49, CITED.—Where the record is silent as to any action which the court might have taken on the motion for a new trial, it is proper to assume that it was not expressly ruled upon by the court, but was denied by operation of the statute, *supra,* providing that in case there shall be no ruling on said motion for a new trial during the term at which it was filed, then such motion shall be deemed to have been denied.

2. SAME—SAME—SAME—TIME FOR FILING—PAR. 836, REV. STATS. ARIZ. 1887, HELD MANDATORY—SPICER v. SIMMS, 6 ARIZ. 347, 57 PAC. 610, CITED.—Where a motion for a new trial is not filed within two days after judgment, the district court is not required to hear and decide it, the statute, *supra,* providing that all motions for new trials shall be made within two days after the rendition of the verdict or judgment being mandatory.

3. SAME—SAME—SAME—SAME—SPICER v. SIMMS, 6 ARIZ. 347, 57 PAC. 610, CITED AND DISTINGUISHED.—While the court would not be required to hear and decide a motion for new trial, made more than two days after verdict and judgment, yet it has the power so to do at any time during the term at which judgment was rendered..

4. SAME—SAME—SAME—SAME—HOW COMPUTED—SUNDAYS—PAR. 920, REV. STATS. ARIZ. 1887, CONSTRUED.—An intermediate Sunday or holiday is included in computing the two days allowed for making motion for new trial under the statute, *supra,* providing that the time in which any act provided by law is to be done is to be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded.

5. SAME—SAME—SAME—NECESSITY FOR—REVIEW—SCOPE—PUTNAM v. PUTNAM, 3 ARIZ. 182, 24 PAC. 320; RICHARDS v. GREEN, 3 ARIZ. 227, 32 PAC. 266, FOLLOWED.—On appeal no alleged error will be reviewed which might have been good ground for a new trial in the court below, unless the same shall have been presented to such court by a motion for a new trial, and the motion overruled.

6. SAME—SAME—ASSIGNMENT OF ERRORS—BRIEF—WAIVER OF ERRORS— PAR. 940, REV. STATS. ARIZ. 1887, AND ACT NO. 71, LAWS OF ARIZ. 1897, CONSTRUED.—Paragraph 940 of the Revised Statutes of Arizona of 1887 required in all cases the appellant shall file with the clerk of the court below an assignment of errors. Act No. 71, Laws of Arizona of 1897, did not do away with the necessity of filing assignments of errors. Section 4 of act No. 71, *supra,* providing that it shall not be necessary to assign or file any assignment of errors in the court below or in the supreme court except those assigned in the brief of the appellant, but that the brief of the appellant shall contain an enumeration of the errors relied upon, and that all errors not assigned in the printed brief shall be deemed to have been waived, does not do away with the necessity of filing assignments of errors, as contemplated by paragraph 940, *supra,* and this court will not consider propositions argued in the briefs in the absence of an assignment of errors.

ERROR from the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

R. M. Ling, and Ross & O'Sullivan, for Plaintiff in Error.

Herndon & Norris, for Defendants in Error.

STREET, C. J.—McFarland & Hooker, as copartners, brought an action in the district court of Yavapai County against the Svea Insurance Company to recover the sum of $3,500 upon a contract of insurance, and alleged that on the

ninth day of September, 1898, while they were the owners and in possession of a one-story brick building, and the furniture and fixtures and the stock of merchandise therein, situated on a lot in the town of Jerome, Yavapai County, they made their application to the agent of said insurance company for a policy of insurance; that the building was of the value of $4,600, the stock of merchandise of the value of $2,008.23, and the fixtures and furniture of the value of $1,586; that the application was for insurance on the building for two thousand dollars, on the stock for one thousand, and on the furniture and fixtures for five hundred dollars, and that on said ninth day of September, 1898, said agent made an agreement with them to insure the same, said insurance to take effect from 12 o'clock noon of that day, and to be in force for one year thereafter, and that they paid said agent at said time the sum of $126 premium for such policy of insurance; that afterwards, on the eleventh day of September, 1898, all of said property was totally destroyed by fire. Defendants filed a general denial, and the further answer that the agent mentioned in plaintiffs' complaint was only a soliciting agent, with power to solicit and take applications for insurance, and forward said applications to the defendant for its approval or disapproval, without further powers, and, further, that at the times mentioned in plaintiffs' complaint there was a subsisting mortgage against the property for the sum of three thousand dollars, not within the knowledge of the defendant. The cause was tried to a jury, and verdict rendered for the plaintiff in the sum of $3,500, upon which judgment was entered on the eighth day of July, 1899. Motion for a new trial was filed on the eleventh day of July, 1899. We are unable to ascertain from the record whether the motion for a new trial was ever heard and passed upon by the court or not. Paragraph 836 of the Revised Statutes of Arizona provides: "All motions for new trials, in arrest of judgment or to set aside a judgment shall be made within two days after the rendition of verdict or judgment, if the term of court shall continue so long; if not, then before the end of the term." Act No. 49 of the Session Laws of 1891 provides: "In case there shall be no ruling on said motion for a new trial during the term at which it was filed, then said motion shall be deemed to have been denied, and all questions that may have been raised

thereby shall be subject to a review by the supreme court as if said motion had been overruled and exception thereto reserved and entered on the minutes of the court." The record being silent as to any action which the court might have taken on the motion for a new trial, we are permitted to presume it was not expressly ruled upon by the court, but was denied by operation of the statute. The motion for a new trial not having been filed within the two days prescribed by statute, the district court would not be required to hear and decide the motion. The statute requiring a motion for a new trial to be filed within two days is mandatory. Our statute on the subject is borrowed from Texas, and the supreme court of that state, in the case of *Gill* v. *Rodgers*, 37 Tex. 631, said: "We know of no exception to this requirement of the statute which will allow parties litigant to come in after the expiration of the time limited by law with a simple motion for a new trial." This ruling is not in conflict with the decision made by this court in *Spicer* v. *Simms*, 6 Ariz. 347, 57 Pac. 610. In that case a motion for new trial was filed after the two days, and the district court granted a new trial. From that order granting a new trial the plaintiff appealed, and this court then said, quoting from the case of *Wells* v. *Melville*, 25 Tex. 337: " 'It does not necessarily follow that a new trial was improperly granted because the motion for a new trial was not made until more than two days after verdict, because facts might have existed that would have made it proper for the court to grant the new trial, although the motion was not made until more than two days after verdict.' And, independent of this construction, it is a rule generally recognized by appellate tribunals that courts possess an unlimited power over their own judgments and orders, in respect to their vacation and modification, until the close of the term at which they are rendered. We conclude, therefore, that the court below had full power to set aside its judgment and award a new trial; that the order so made was not a final judgment; that the action is still pending and undetermined in the lower court; and that this appeal should be dismissed." In that case it was nowhere held that, if a motion for a new trial was filed after the two days, there was a legal obligation upon the court to hear and decide it. It is argued by counsel for plaintiff in error that the judgment being rendered on Saturday, the

8th, and the next day being Sunday, they were allowed Monday and Tuesday in which to file a motion for a new trial; and they cite cases from some states which have a rule that, where a statute requires a thing to be done within a short period of time, if Sunday or a holiday comes within that period it is excluded. No such rule exists in Arizona. It is fixed by statute to the contrary. Paragraph 920 of the Revised Statutes (a part of the same title in which the practice in regard to motion for new trial is prescribed) provides: "The time in which any act provided by law is to be done is to be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded." If the legislature had intended to exclude an intermediate holiday it would have done so. We therefore cannot consider any of the questions pressed upon us by the plaintiff in error which could not be considered had no motion for a new trial ever been filed. This court, in the case of *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320, laid down the rule, in conformity with many decisions therein cited, that it will not review any alleged error which might have been good ground for a new trial in the court below, unless the same shall have been presented to such court by motion for a new trial, and the motion overruled. It was further said in that case, quoting from a case decided by the supreme court of Texas: " 'We will here take occasion to say that, according to what is believed to be the correct rule of practice, no judgment ought to be reversed in this court merely on the ground that the verdict was not supported by the testimony, unless a motion had been made in the court where the verdict was rendered for a new trial and overruled.' " In the case of *Putnam* v. *Putnam, supra,* it was further said: "To hold that this court may consider errors occurring at the trial which were not urged upon motion below as grounds for a new trial, and which therefore could not have been considered by the court below, is inconsistent and illogical." This court again enforced that rule in the case of *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266 (sub nom. *Richards* v. *Green*).

Let us now consider the questions properly belonging to the record: In the first place, strictly speaking, plaintiff in error is not entitled to a review of the question discussed,

because of a very defective assignment or errors. Before the passage of act No. 71 of the Session Laws of 1897 the laws of Arizona affecting appeals to the supreme court required (Rev. Stats. par. 940): "The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; and a copy of such assignment of errors shall be attached to, and form a part of, the record." It has been so repeatedly held by this court that an assignment of errors was necessary, before this court would proceed to review any questions argued in a brief, that we will not discuss the necessity again, nor cite authorities in support of the rule. Act No. 71 of the Laws of 1897 did not do away with the necessity of filing assignments of errors. In that particular it provided (sec. 4): "It shall not be necessary to assign or file any assignment of errors in the court below or supreme court, except those assigned in the brief of the plaintiff in error or appellant." The same section also provided: "The briefs of both sides shall begin with a succinct statement of so much of the record as is essential to the questions discussed in them. . . . The brief of the plaintiff in error or appellant shall also next contain a distinct enumeration, in the form of propositions, of the several errors relied on; and all errors not assigned in the printed brief shall be deemed to have been waived." In the case at bar the brief of the plaintiff in error contains no formal assignment of errors, but simply states as follows: "Plaintiff in error asks for a reversal of the judgment of the lower court, and relies on the following propositions." And then states its propositions, five in number. It is the clear intention of act No. 71, above referred to, that, after the brief has been made to contain a succinct statement of what the case is about, it shall then contain the assignment of errors, and, following that, the propositions desired to be discussed, deducible from the assignment of errors. In this case, however, not desiring to deprive the plaintiff in error of its efforts because of informality, we will take up such questions as can be examined into without the aid of a motion for a new trial, and those are only the instructions to the jury. In other words, we will look into the record only. Paragraph 777 of the Revised Stat-

utes provides: "The charge of the court and all instructions asked by either party shall be filed by the clerk, and shall constitute a part of the record; and shall be regarded as excepted to, and subject to revision for error, without the necessity of taking exceptions thereto." The first and second propositions of the plaintiff in error are such as would have to come through a motion for a new trial. The third and fourth propositions relate to instructions of the court to the jury, which, upon careful search, we are not able to find in the record; and counsel have not cited us to where they can be found in the abstract of record, or in the record itself. The fifth proposition, "that the court erred in refusing to give instructions numbered 3, 4, and 6, as asked by the defendant below," has not been argued by the plaintiff in error in any way. No rule has been laid down for our guidance, nor has counsel cited any authorities, or made any effort to demonstrate any reason why instructions numbered 3, 4, and 6, as asked for by the plaintiff in error, were improperly refused. We have examined those instructions ourselves, and upon our own investigation, without the aid of counsel, are not able to discover any reasons why they should have been given, or that the court below committed any error in refusing them. The judgment of the district court is affirmed.

Doan, J., and Davis, J., concur.