[Civil No. 1072.   Filed March 20, 1909.]

[100 Pac. 457.]

R. D. McDONALD, Defendant and Plaintiff in Error, v. H. N. COX, Plaintiff and Defendant in Error.

1. APPEAL AND ERROR—RECORD—MOTION FOR NEW TRIAL—REVIEW.— Civil Code of 1901, paragraph 1476, authorizes a new trial on the ground that the evidence does not sustain the judgment or verdict, and Laws 1907, chapter 74, amended the paragraph by adding thereto "that, when findings of fact have been made, the insufficiency of the evidence to sustain any finding of fact material to the case shall be alleged in the motion as a ground for a new trial." *Held*, that where the abstract on a writ of error failed to show that any motion for a new trial had been made, on the ground either that the evidence did not sustain the judgment, or findings of fact, such objections were waived, and could not be reviewed.

2. APPEAL AND ERROR—SCOPE OF REVIEW.—In the absence of a motion for a new trial, the supreme court can only review the question whether the complaint and facts found were sufficient to sustain the judgment.

ERROR to the District Court of the Third Judicial District, in and for the County of Maricopa.   Edward Kent, Judge.   Affirmed.

The facts are stated in the opinion.

I. J. Lipsohn, for Plaintiff in Error; C. F. Ainsworth, of Counsel.

J. M. Jamison, and W. H. Stilwell, for Defendant in Error.

Alleged errors, not having been assigned as grounds for new trial, are not properly before the supreme court.   *Chicago*

*B. & Q. R. R. Co.* v. *Pollock,* 16 Wyo. 321, 93 Pac. 847–853. Errors occurring at the trial will not be reviewed unless presented to the trial court in a motion for new trial. *Glaser* v. *Glaser,* 13 Okl. 389, 74 Pac. 944; *Bradford* v. *Brennan,* 15 Okl. 47, 78 Pac. 387; *Insurance Co.* v. *Evans,* 64 Kan. 770, 68 Pac. 623; *Pringle* v. *King,* 9 Ariz. 76, 78 Pac. 367.

On appeal no alleged error will be reviewed which might have been good ground for a new trial in the court below unless the same shall have been presented to such court by a motion for a new trial and the motion overruled. *Svea Ins. Co.* v. *McFarland,* 7 Ariz. 131, 60 Pac. 936; *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320; *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266.

On appeal from a judgment on the judgment-roll alone the only question reviewable is whether the findings support the judgment. *Ivancovich* v. *Weilenman,* 144 Cal. 757, 78 Pac. 268. Where an appeal is from the judgment and not from an order overruling the motion for new trial, the court will not determine the sufficiency of the evidence, but only determine whether there is any evidence to support the judgment. *Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309.

DOAN, J.—This action was brought by H. N. Cox against the Garcia Gold Company and R. D. McDonald in the district court of Maricopa county in the April term, 1906. It was tried before the court without a jury, and a judgment with decree for foreclosure of the lien was rendered against the defendant R. D. McDonald, who is the plaintiff in error in this court, and the action was dismissed as against the codefendant, the Garcia Gold Company. A notice of appeal was given, but such appeal was not perfected, and, after the time for appeal had lapsed, the case was brought for review before this court on writ of error.

The complaint in the lower court set forth that one John G. Schermer, at the special instance and request of the defendants, rendered services as watchman of certain mining property owned by the defendants, between the twenty-fifth day of January, 1904, and the fifth day of February, 1906, for a total period of seven hundred and forty-three days, at the agreed price of $2.50 per day, for which service the defendants on the sixth day of February, 1906, were indebted

to said Schermer in the sum of $1,356.50, after having deducted the payment of $500 theretofore paid to him; that the said Schermer on the eighth day of February, 1906, for a valuable consideration, assigned this claim to the plaintiff; that on the tenth day of February, 1906, the plaintiff filed his statement of lien against the mining property with the county recorder of Maricopa county for the amount due; that the whole amount ($1,356.50) remains and is due and unpaid. The answer of the defendants admitted the residence of the parties, and the ownership of the mining property, but denied each and every other material allegation. The plaintiff in error has presented to this court eight different assignments of error, three of which are based upon the insufficiency of the evidence to sustain the judgment for the plaintiff. The other five are based upon the insufficiency of the evidence to sustain certain findings of fact made by the trial court, two of which are directed to the conclusions of law, but the objections therein made to the conclusions of law are urged because of the insufficiency of the evidence to sustain the findings of fact, from which the legal conclusions were drawn, and are therefore substantially the same as the errors directly assigned because of the insufficiency of the evidence to sustain the said findings. The defendant in error moves this court to strike the abstract of the record, and affirm the judgment of the lower court, for the reason that the abstract of record does not contain the motion for a new trial in the case, but, on the contrary, discloses that no motion for a new trial was made in the lower court. All the errors assigned in this court are by our statute pertaining to new trials made grounds for a motion for a new trial in the lower court, and they, not having been by motion for a new trial presented to the lower court, cannot be raised for the first time in this court.

One of the grounds on which a motion for a new trial may be based under our statute is, as provided in paragraph 1476, Civil Code of 1901, "that the evidence does not sustain the judgment or the verdict." Chapter 74, Laws of 1907, amended that paragraph by adding thereto "that, when findings of fact have been made, the insufficiency of the evidence to sustain any finding of fact material to the case may be alleged in the motion as a ground for a new trial." We may not, therefore, examine into the sufficiency of the evidence to

support either the judgment, or the findings of fact on which such judgment has been based, because of the general rule that these errors have been waived by the failure of the defendant in the lower court to present them to the trial court in a motion for a new trial. This is only a reiteration of the general rule that a party will not be heard in the appellate court unless he has exhausted his remedies in the lower court. The object of a motion for a new trial is to enable the trial court to look into the evidence, and see if it be sufficient to support the findings. The appellate court for these reasons refuses to consider any error which would be good cause for a new trial, unless a motion for a new trial upon that ground had been made to the court below, the motion overruled, the ruling excepted to, and assigned as error in this court. *Putnam* v. *Putnam*, 3 Ariz. 182, 24 Pac. 320. The plaintiff in error in his reply brief, while admitting this to be the rule in case of appeal, has stated that "there is no provision in our statute which calls for a motion for a new trial in the trial court to enable the appellate court to review the record on writ of error," and states that all the cases cited by the defendant in error in support of the motion are cases that were taken to the appellate court by appeal, and not on writ of error. The plaintiff in error must have made that statement without an examination of the cases. We find that of the first six cases cited by defendant in error five were cases that had been carried to the appellate court by writ of error and one by appeal. The rule above cited was first enunciated in this court in the appealed case of *Putnam* v. *Putnam*, but in *Svea Ins. Co.* v. *McFarland*, 7 Ariz. 135, 60 Pac. 936, which was brought to this court on writ of error, we cited the rule announced in the Putnam case, and refused to review any alleged error presented in the assignment that would have been good cause for a new trial in the lower court. Likewise in the case of *McLean* v. *Territory*, 8 Ariz. 195, 71 Pac. 926, brought to this court on writ of error, while we did not exactly determine the point here presented yet in determining a legal proposition that involved substantially the same question of practice our reasoning was on the same lines.

We find that other jurisdictions, under similar statutes, have followed the same rule. The supreme court of Wyom-

ing in *Chicago, B. & Q. Ry. Co.* v. *Pollock,* 16 Wyo. 321,
93 Pac. 847, which was brought to that court by writ of
error, held that "alleged errors, not having been assigned
as grounds for a new trial in the lower court are not prop-
erly before the supreme court." The supreme court of
Oklahoma said in *Bradford* v. *Brennan et al.,* 15 Okl. 47,
78 Pac. 387, a case that was tried to the lower court without
a jury, and taken up on writ of error: "It is a settled rule
of practice in this court that errors of law occurring at the
trial can only be brought to the supreme court after the
district court has had an opportunity to re-examine them
upon a motion for a new trial." In *Glaser* v. *Glaser,* 13
Okl. 389, 74 Pac. 944, presented on writ of error, the same
court said: "But this court will not reverse a case for errors
of the trial court not presented to and passed upon by such
court. Any cause for which a new trial may be granted is
deemed waived by the failure of the objecting party to
move for a new trial upon such ground. *Nesbit* v. *Hines,*
17 Kan. 316; *Atchison* v. *Byrnes,* 22 Kan. 65; *Lucas* v. *Sturr,*
21 Kan. 480. A motion for a new trial is essential in order
to give the trial court an opportunity to review its rulings,
and, if need be, to correct errors which it may have com-
mitted; and a failure to present alleged errors to the trial
court by a motion for a new trial will be deemed a waiver,
and the supreme court will not review such alleged error
unless presented by motion for a new trial." The supreme
court of Kansas, in *Insurance Co.* v. *Evans,* 64 Kan. 770,
68 Pac. 623, brought by writ of error, said: "We have
frequently held that all matters which arose during the
trial, including supposed erroneous findings of the court or
jury, are waived, and cannot be considered by this court,
unless a motion for a new trial, founded upon and includ-
ing such supposed errors, has been made and overruled in
the district court. *Decker* v. *House,* 30 Kan. 614, 1 Pac. 584;
*Buettinger* v. *Hurley,* 34 Kan. 585, 9 Pac. 197. The com-
pany did not ask for a new trial, . . . and hence some
of the questions strongly urged are not open for our con-
sideration at this time."

We will, however, take up such questions as can be exam-
ined into without the aid of the motion for a new trial. From
the record as presented to us we can only determine whether

the complaint states a cause of action, and is therefore sufficient to sustain a judgment, and whether the facts as found are sufficient to sustain such judgment. The complaint alleges facts sufficient to constitute a cause of action, and therefore to support a judgment. The facts as found by the court are sufficient to sustain the judgment. These are the only questions that we may take into consideration consistently with our views as expressed above.

The judgment of the lower court is affirmed.

SLOAN, CAMPBELL, and NAVE, JJ., concur.