OF THE

## TERRITORY OF ARIZONA

DURING THE YEAR 1910.

[Civil No. 1132.   Filed January 13, 1910.]

[108 Pac. 221.]

THOMPSON WALKER, MARY H. WALKER and DEN-VER HOLMESLEY, Plaintiffs and Appellants, v. CELESTE H. BLAKE and FRANK BLAKE, Her Husband, GEORGIA HOLMESLEY, JAMES HOLMESLEY, ALICE H. WILLIAMS and JOSIAH WILLIAMS, Her Husband, BURRELL HOLMESLEY, WESLEY HOLMESLEY, JOHN HOLMESLEY and LEE HOLMESLEY, Defendants and Appellees.

1. NEW TRIAL—MOTION—TIME OF FILING.—Where the motion for new trial was filed more than five days after rendition of judgment, it was properly denied.

2. APPEAL AND ERROR—PROCEEDINGS BELOW—MOTION FOR NEW TRIAL—NECESSITY.—Failure to make a timely motion for new trial waived all errors not fundamental, so that questions involved in such errors cannot be considered on appeal.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for Maricopa County. Edward Kent, Judge. Affirmed.

Kibbey, Bennett & Bennett, for Appellants.

Thos. Armstrong, Jr., for Appellees.

PER CURIAM.—Appellees move for an affirmance of judgment in this case for the reason that no motion for a new trial was filed within the time provided by law, and that there is no assignment of error. The motion for a new trial was filed more than five days after the judgment was rendered. Therefore the trial court did not err in denying it.

The failure to move for a new trial waived all errors not fundamental. *McDonald* v. *Cox,* 12 Ariz. 171. 100 Pac. 457.

Counsel for appellants do not make a formal assignment of errors, but close their brief with the statement that the trial court erred in several enumerated particulars. If this unusual method of assigning error should be treated as sufficient, we are precluded from considering the questions so presented by the fact that all are such as should have been brought to the attention of the trial court in a motion for a new trial. None of the questions so raised involve fundamental error. Therefore we must affirm the judgment of the district court.

KENT, C. J., and LEWIS, J., took no part in the determination of this case.