[Civil No. 1287.   Filed December 22, 1914.]

[145 Pac. 140.]

## J. F. DAGGS, Appellant, v. HOWARD SHEEP COMPANY, a Corporation, Appellee.

1. NEW TRIAL—MOTION—TIME OF FILING.—Civil Code of 1901, paragraph 1478, providing that motions for new trial shall be made within five days after verdict or judgment if the term of court continues so long, and, if not, before the end of the term, is mandatory, and a motion filed out of time may be either stricken from the files or overruled.

2. NEW TRIAL—MOTIONS—REQUISITES.—Civil Code of 1901, paragraph 1473, requiring every motion for new trial to be in writing specifying the grounds on which it is founded, is mandatory, and the court may not pass on an oral motion in anticipation that a written one will be filed.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORDS.—Where motion for new trial was filed out of time, the court on appeal can only consider the questions presented by the judgment-roll.

4. WATERS AND WATERCOURSES—APPROPRIATION OF WATER—STATUTORY PROVISIONS.—The right to appropriate water under Civil Code of 1901, paragraph 4169, depends on whether the water is unappropriated and on the purpose for which the water is to be applied after appropriation, and a person first in time who uses unappropriated waters for any of the statutory purposes acquires the better

right, and may, when necessary or convenient, construct and maintain reservoirs, dams, canals, ditches, flumes or other ways.

[As to what constitutes an appropriation of water and priority among appropriators, see notes in 98 Am. Dec. 542; 60 Am. St. Rep. 799.]

5. WATERS AND WATERCOURSES—APPROPRIATION—PRIOR RIGHTS—PLEADINGS.—A plaintiff suing to establish rights in waters and to restrain defendant from diverting the same must state facts from which it may reasonably appear that plaintiff has appropriated to some beneficial use some of the unappropriated waters or surplus or flood waters prior to the time defendant did an adverse act of appropriation in his own right, and that defendant performed or threatened to perform some act depriving plaintiff of a right acquired by appropriation.

6. WATERS AND WATERCOURSES—APPROPRIATION—PRIOR RIGHTS—PLEADINGS.—A complaint, in an action to establish rights to flood waters and to restrain the diversion thereof, which alleges that for about 15 years plaintiff has maintained a dam and ditch, that flood waters to the amount of the carrying capacity of the ditch during that period have been diverted and used by plaintiff to furnish his sheep with water, and that recently defendant constructed a dam which diverted all of the water, states a cause of action against a demurrer.

7. WATERS AND WATERCOURSES—APPROPRIATION—PRIOR RIGHTS—PLEADINGS—DECREE.—Where, in a suit to establish rights to flood waters and to restrain the diversion thereof, the general verdict and findings of fact by the court established the truth of the complaint that plaintiff was entitled to flood waters to the amount of the carrying capacity of a ditch, and the verdict and findings were sustained by the evidence, a decree awarding to plaintiff flood waters to the amount of the carrying capacity of the ditch was in conformity to the pleadings, evidence and verdict, and gave to him the relief he was entitled to within Civil Code of 1901, paragraph 1428.

8. APPEAL AND ERROR—RECORD—REVIEW.—Where a special verdict is not in the abstract of record, it cannot be considered in determining the correctness of the judgment.

APPEAL from a judgment of the District Court of the Fourth Judicial District of the Territory of Arizona, in and for the County of Coconino. Edward M. Doe, Judge. Affirmed.

The facts are stated in the opinion.

Mr. J. E. Jones, for Appellant.

Mr. T. A. Flynn and Messrs. Ellinwood & Rose, for Appellee.

O'CONNOR, J.—The appellee, Howard Sheep Company, commenced this action to establish its rights to the waters flowing in Spring Valley Wash at flood seasons, and impounded by it in Howard Lake and appropriated to use in stock-raising, and for the purpose of restraining the appellant, J. F. Daggs, from diverting such flood waters from plaintiff's ditch used by plaintiff for conveying such waters from the said wash to said lake. The defendant demurred to the complaint, assigning a number of grounds for demurrer, among which he specifies that the complaint fails to state facts sufficient to constitute a cause of action, because the facts stated do not authorize the court to grant the relief sought, or any relief, because the complaint fails to show that the water was ever appropriated by plaintiff to a beneficial use, and because the complaint fails to show that defendant is not entitled to a reasonable use of water on his lands, but seeks to enjoin such use. The defendant answers with denials of the allegations of the complaint, and also sets forth his rights in the nature of an affirmative defense presenting his title to a part of the flood waters in question. The court overruled the demurrers, and the issues of fact were submitted to the jury generally and upon special interrogatories. The jury returned a general verdict for the plaintiff and answered the interrogatories submitted by the court. Upon the coming in of the verdicts of the jury, the court made and filed its findings of facts in accordance with the verdicts of the jury and made conclusions of law therefrom, and ordered judgment entered accordingly for the plaintiff. The judgment was rendered and entered on the 16th day of January, 1912. A motion for a new trial was made on February 27, 1912, and considered made, filed, and overruled as of January 16, 1912, by stipulation of counsel entered into in open court on January 16, 1912. The stipulation so made was to the effect that defendant was allowed 40 days' additional time to the time given by the statute in which to prepare and file a motion for a new trial. The motion

for a new trial was actually filed February 27, 1912. When filed it was deemed overruled as of January 16, 1912, in accordance with the said stipulation. The defendant appeals from the judgment and from the order refusing a new trial.

The appellee on this appeal contends that appellant has failed to present his appeal in accordance with the rules of this court relating to the matter of assigning errors, and for that reason we are precluded from the consideration of any errors requiring an examination of the evidence; that we can only consider the questions raised by the demurrer, and such fundamental errors as manifestly appear upon the judgment-roll, because no other error is assigned. Aside from the fact that the errors are not sufficiently assigned to meet the requirements of our rules, the contention of appellee must be sustained upon another ground. The record discloses that the motion for a new trial was not made and filed until February 27, 1912, although the judgment was rendered on January 16, 1912—42 days prior. Paragraph 1478, Revised Statutes of Arizona of 1901, provides:

"All motions for new trials in arrest of judgment or to set aside a judgment shall be made within five days after the rendition of verdict or judgment, if the term of court shall continue so long; if not, then before the end of the term."

The terms of this law are mandatory and must be obeyed by the courts as well as by the parties. As was said by the court in *Gill* v. *Rodgers*, 37 Tex. 628, before Arizona adopted this statute:

"We know of no exception to this requirement of the statute, which will allow parties litigant to come in after the expiration of the time limited by law, with a simple motion for a new trial."

*Gill* v. *Rodgers, supra,* was followed in *Svea Ins. Co.* v. *McFarland,* 7 Ariz. 131, 60 Pac. 936, and the same rule approved in *White* v. *Springfield etc. Ins. Co.,* 3 Ariz. 352, 29 Pac. 1006, and *Walker* v. *Blake,* 13 Ariz. 1, 108 Pac. 221.

Counsel cannot stipulate to disregard the mandatory requirements of a statute, and thereby nullify its provisions. The text in 29 Cyc. 927, which is fully supported by the authorities, is as follows:

"In most jurisdictions statutes or rules of court having the form of statutory enactments provide that an application for

a new trial must be made within a certain number of days after the rendition of the verdict or decision, or within some other fixed time. The statutory provisions must be strictly complied with. Where a motion is not filed until after the time therefor has expired, the effect is the same as if no motion were filed at all. A motion filed out of time may be either stricken from the files or overruled, and the reviewing court cannot correct the errors which are grounds for new trial.''

Paragraph 1473, Revised Statutes of Arizona of 1901, provides that: ''Every motion for new trial shall be in writing, and shall specify generally the grounds upon which the motion is founded. . . . ''

A set of facts like the facts in this case was before the court in *Carmack* v. *Erdenberger,* 77 Neb. 592, 110 N. W. 315, and it was said by the court:

''The appellant contends that the record with respect to a motion for a new trial discloses a common practice—that is, that the courts frequently, during the hurry incident to the closing days of the term, rule on a motion in anticipation of one to be filed subsequently—and that, where this is done, the defeated party by custom is allowed to file his motion at any time within three days from the adjournment of the term. The trouble with that contention is that the alleged custom runs counter to the statute. Section 317, Code of Civil Procedure, provides that the application for a new trial must be by motion, upon written grounds, filed at the time of making the motion. Under the statute there is no such thing as an oral motion for a new trial, because the statute is mandatory that the application must be made by motion, upon written grounds, filed at the time of making the motion. The court has no authority under the statute to pass on a motion that has not been filed, or in anticipation of one being filed.''

The cause stands for review in this court as on appeal upon the judgment-roll, and such questions only as the judgment-roll presents may be considered.

Appellant assigns as error the order of the court in overruling his demurrer to the complaint, because of the alleged failure of the complaint to state facts sufficient to constitute a cause of action. Appellant contends that the complaint must allege facts showing the beneficial use to which the

water has been applied, the quantity of water so used, and the time it has been used. In order to show a right of action the plaintiff must allege facts showing that plaintiff has appropriated to a beneficial use a definite quantity of the public waters of the state prior to any use of the waters made by the defendant, and that defendant by some subsequent act is depriving the plaintiff of some part of such definite quantity of water theretofore appropriated by plaintiff. Appellant correctly asserts that the necessary facts and not conclusions of law must be pleaded.

The rights in unappropriated waters or the surplus or flood waters are acquired by any person or corporation for delivery to consumers, rental, milling, irrigation, mechanical, domestic, stock or any other beneficial purpose, by appropriation of such waters. " . . . The person or persons, company or corporation first appropriating water for the purposes herein mentioned shall always have the better right to the same." Paragraph 4169, Ariz. Rev. Stats. 1901. The right to appropriate the waters depends upon whether the water is unappropriated and upon the purpose for which the water is to be applied after appropriation. The person first in time who uses the unappropriated waters of the state for any of the purposes mentioned in the statute, *supra*, acquires the better right to the water so used. If, in order to use or appropriate the water for any of the purposes mentioned, it becomes necessary or convenient, the appropriator is given by the said statute the right to construct and maintain reservoirs, dams, canals, ditches, flumes and any and all other necessary waterways.

In order to state a cause of action in this kind of case, such facts must be stated as from them it is made reasonably to appear that the plaintiff has appropriated to some beneficial use some of the unappropriated waters, or surplus or flood waters at a time prior to the time the defendant has performed any adverse act of appropriation of the waters in his own right, and that defendant has performed or threatens to perform some act that will deprive the plaintiff of some right acquired by such appropriation. An examination of the complaint discloses that for a period of about 15 years prior to the commencement of this action the plaintiff has maintained a dam on Spring Valley Wash, and a ditch from

such dam to Howard Lake; that the flood waters to the amount of the carrying capacity of the ditch, during that period of time, have been diverted by said dam and conveyed by said ditch to Howard Lake and stored in said lake; that during said period of time the waters thereby diverted, conveyed and stored have been used by the plaintiff for the purpose of furnishing its sheep with water; that, in order to furnish a sufficient amount of water for such use, the dam, ditch and storage reservoir are necessary. These facts appearing in the complaint, the prior appropriation of the flood waters of Spring Valley Wash for a beneficial purpose unquestionably appears. Plaintiff thereby shows a better right to the amount of water his ditch will carry from the dam to the reservoir lake. The complaint then alleges, in brief, that during August, 1910, the defendant constructed a diversion dam across said Spring Valley Wash at a point about 1½ miles above plaintiff's said lake and about one mile above plaintiff's said diversion dam, and proceeded to construct from his said diversion dam a ditch through which all of the waters of said Spring Valley Wash might be diverted and conducted into another lake; that said dam and ditch constructed by the defendant did divert all of the water thereafter flowing in said wash into said other lake. From these facts the clear inference must be drawn that the defendant by means of his said dam and ditch has deprived plaintiff of the use of the amount of the flood waters of Spring Valley Wash that his ditch would carry from plaintiff's dam to Howard Lake; in other words, the acts of defendant have deprived plaintiff of its right to the amount of water appropriated by it to the purpose of furnishing water for its sheep. What amount of water is necessary or required for such purpose is specified by plaintiff in its complaint as the amount its ditch will carry from the dam to Howard Lake. That statement is sufficiently specific for the purposes of a pleading, and the exact amount of water appropriated may readily be arrived at from evidence of the size of the ditch, the velocity of the flow, and other like facts.

It is clear that the facts stated in the complaint are sufficient to set forth a cause of action when attacked by a general demurrer as here interposed.

XVI Ariz.—**19**

The general verdict of the jury is responsive to the issues raised in the pleadings. The special verdict—that is, the interrogatories submitted and answers thereto—is not included in the abstract of record, and for that reason may not be considered in this case. The findings of fact by the court cover all the material facts necessary to support a decree for the plaintiff under the pleadings. The decree is responsive to the allegations of the complaint, following the verdict of the jury and the findings of fact, quieting plaintiff's title to the waters appropriated and used, and enjoining perpetually the defendant from any and all future interference with plaintiff's rights, and defendant is commanded to restore the conditions in the vicinity of plaintiff's dam and ditch "so that all of the waters which would have flowed into Howard Lake before the construction of defendant's dam and ditch may henceforth continue to flow therein." Such a judgment the court is authorized to enter, viz., one that conforms to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Paragraph 1428, Ariz. Rev. Stats. 1901.

We find no reversible error in the record.

The judgment is affirmed.

CUNNINGHAM and ROSS, JJ., concur.

N. B.—FRANKLIN, C. J., being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. W. A. O'CONNOR, Judge of the superior court of the state of Arizona in and for the county of Santa Cruz, to sit with them in the hearing of this cause.